# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ATCHERLEY,<br><br>        Plaintiff,<br><br>   vs.<br><br>EDGAR CLARK, et al.,<br><br>        Defendants. | 1:12cv00225 DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT ARBADIA SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>THIRTY-DAY DEADLINE |

     Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed his complaint on February 17, 2012. This action is proceeding on the following cognizable claims: (1) violation of the Eighth Amendment against Defendants Holt, Barbolla, Ceballo, Anderson, Rios, Torres, Ross, Arbadia, two Doe correctional officers and Doe LVNs; (2) medical negligence against Defendants Holt, Barbolla, Clark, Ceballo, Anderson, Ross, Arbadia, Alade and Doe LVNs; and (3) negligence against Defendants Rios, Torres, and two Doe correctional officers.

     On December 24, 2013, the Court ordered the United States Marshal to serve the amended complaint on Defendants. On January 14, 2014, the United States Marshal returned service unexecuted as to Defendant LVN Arbadia. The returns notes, "CDCR SI unable to locate/identify." ECF. No. 24.

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Arbadia. Specifically, the return indicates that CDCR utilized a Special Investigator to attempt to locate and identify Defendant Arbadia. *Walker*, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Arbadia should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Arbadia shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Arbadia should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Arbadia from this action.

IT IS SO ORDERED.

Dated:   **January 17, 2014**                              /s/ Dennis L. Beck
                                                           UNITED STATES MAGISTRATE JUDGE