UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>            Plaintiff,<br>    v.<br>CLARK, et al.,<br><br>            Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>FOR SUBPOENA DUCES TECUM<br><br>(Document 43) |

Plaintiff Wilbur Atcherley ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Ceballos, Borbolla, Holt, Rios, Torres, Ross, Alade, Abadia and Anderson. The Court issued a Discovery and Scheduling Order on March 18, 2014.[1]

---

[1] Not all Defendants have appeared in this action. Defendants Alade and Anderson have been served, but have not filed a response. There is no indication that Defendant Abadia has been served.

1

On March 31, 2014, Plaintiff filed a motion requesting the issuance of a subpoena duces tecum to San Joaquin Community Hospital.[2]  He seeks his medical records for the time period February 4, 2011, through February 15, 2011.  During that time, Plaintiff received treatment for his left knee.

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for August 14, 2014.  Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

The medical treatment that Plaintiff received for his left knee is at issue in this action, and thus medical records pertaining to his left knee during the time period at issue would be relevant and discoverable.  Plaintiff states that over the past two years, he has requested a copy of his medical records from San Joaquin Community Hospital three times, but has not received a response.  Plaintiff further states that "upon information and belief, [he] is unable to get these hospital records by any other means except by way of a subpoena duces tecum."  Mot. 2.

Plaintiff's statement, however, is too vague to support the issuance of a subpoena at this time.  While Plaintiff states that he has not been able to obtain the records from the hospital, he does not state whether he has requested the documents from Defendants through the discovery process.  If he has

---

[2]  Because Plaintiff lacks entitlement to the subpoena duces tecum and there is no prejudice to Defendants, the Court elects to resolve the motion without waiting for Defendants to file a response.  Local Rule 230(l).

done so, he has not filed a motion to compel the production of the records. It is also possible that the records are part of Plaintiff's prison medical records. Although ultimately, neither Defendants nor the prison may have the hospital records, the Court cannot issue a subpoena without this threshold information.

Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED as premature, without prejudice to renewal.

IT IS SO ORDERED.

Dated: **April 10, 2014**          /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE