UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT |
| v. | |
| CLARK, et al., | (Document 49) |
| Defendants. | |

Plaintiff Wilbur Atcherley ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Ceballos, Borbolla, Holt, Rios, Torres, Ross, Alade, Abadia and Anderson. The action is currently in the discovery phase.

On April 17, 2014, Plaintiff filed a motion for the appointment of a medical expert pursuant to Federal Rule of Evidence 706. Defendants did not oppose the motion and it is ready for decision pursuant to Local Rule 230(l).

1

**DISCUSSION**

Plaintiff seeks the appointment of a medical expert witness to help him present his case. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

In this case, the Court requires no special assistance in deciding the issues. Ford ex rel. Ford, 291 F.3d at 1090; Walker, 180 F.3d at 1071. Further, where, as here, the cost would likely be apportioned to the government, the Court should exercise caution. The Court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court.

Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013) (quotation marks omitted). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical issue is not of such complexity that the Court requires the assistance of a neutral expert. Faletogo, 2013 WL 524037, *2; Bontemps v. Lee, 2013 WL 417790, *3–4 (E.D.Cal. 2013).

Accordingly, Plaintiff's request for the appointment of an expert witness is DENIED.

IT IS SO ORDERED.

Dated:   **May 19, 2014**                            /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE