**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>Plaintiff,<br>v.<br><br>CLARK, et al.,<br><br>Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 72) |

Plaintiff Wilbur Atcherley ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Ceballos, Borbolla, Holt, Rios, Torres, Ross, Alade, Abadia and Anderson. The action is currently in the discovery phase.

On April 17, 2014, Plaintiff filed a motion for the appointment of a neutral medical expert pursuant to Federal Rule of Evidence 706. The Court denied the motion on May 20, 2014.

On June 9, 2014, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72(a). The motion is suitable for decision without an opposition. Local Rule 230(l).

**LEGAL STANDARD**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v.*

*Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

**DISCUSSION**

Plaintiff seeks reconsideration of the Court's order denying his motion for a neutral medical expert. In denying his motion, the Court explained that it did not require special assistance in deciding the medical issues. *Ford ex rel. Ford v. Long Beach Unified School Dist*., 291 F.3d 1086, 1090 (9th Cir. 2002). The Court also explained that Federal Rule of Evidence 706, under which Plaintiff made his request, is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*, 2012 WL 5880431, *12 (E.D.Cal. 2012) (quotation marks and citations omitted).

Plaintiff first argues that he was not requesting a medical expert as his advocate, but rather a neutral expert to assist the parties, the Court and the jury. Regardless of how Plaintiff characterizes the expert he seeks, the Court does not require additional assistance in understanding the medical issues. Plaintiff's case deals with an injury to his knee and subsequent wound care. Plaintiff's case is not so complicated and/or above the realm of general knowledge so as to warrant an expert under Rule 706.

Plaintiff also takes exception to the Court's citation to cost considerations. He suggests that the Court is not saving the government money unless it intends to also prevent Defendants from using a medical expert, as many are represented by the State. Whether Defendants use an expert or not is of no consequence to this discussion. The fact remains that Plaintiff brings this action under the in forma pauperis statute, which prohibits the use of public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, 2012 WL 5880431, at *12 (E.D. Cal. 2012). In other words, while Plaintiff is permitted to proceed in this Court without the payment of filing fees, he is not

permitted to present his case at the expense of the government.[1] This result does not change if the cost is shared by the parties. *See McKinney v. Anderson*,959 F.2d 853 (9th Cir. 1992).

Finally, Plaintiff argues that the Court is not saving the government money unless it intends to prevent Defendants from presenting an expert. The Court will not do so. Plaintiff has the burden of presenting his action, but Defendants also have the right to defend themselves and present an expert if necessary. Certainly, Plaintiff is permitted to hire an expert if he can pay the expert fees.

Plaintiff has failed to demonstrate that the Magistrate Judge's order was clearly erroneous or contrary to law. Accordingly, Plaintiff's motion for reconsideration is DENIED.

**SO ORDERED**
**Dated: June 16, 2014**

**/s/ Lawrence J. O'Neill**
**United States District Judge**

[1] Again, although Plaintiff characterizes his request as a request for a neutral expert, the Court, at this juncture, does not need assistance with the medical issues presented in this action.