1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, et al.,<br><br>　　　　Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(Document 94)<br><br>Deadline to Amend:　August 29, 2014<br>Discovery Cut-off:　September 29, 2014<br>Dispositive Motions:　November 26, 2014 |

　　　　Plaintiff Wilbur Atcherley ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action is currently in the discovery phase.

　　　　Pursuant to the March 18, 2014, Discovery and Scheduling Order, the deadline to amend is July 15, 2014, the discovery cut-off is August 14, 2014, and the dispositive motion deadline is October 13, 2014.

　　　　On July 2, 2014, Plaintiff filed a request to extend the above deadlines by 45 days. The Court deems the motion suitable without opposition. Local Rule 230(l).

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.*

As Plaintiff points out, this action is proceeding against ten Defendants who filed answers over a two-month period due to differences in service dates. As a result, for at least some Defendants, the Discovery and Scheduling order became applicable to them two months after the order was initially issued.[1]

Moreover, it appears that Plaintiff has served a large amount of discovery and the Court has therefore granted Defendants numerous extensions of time to respond.

Finally, Plaintiff submitted a Second Amended Complaint on June 23, 2014. As Plaintiff did not have leave to amend, the Court struck the complaint on June 27, 2014. Based on Plaintiff's statements in the instant motion, he moved to amend as part of his opposition to Defendant Anderson's pending motion to dismiss. Plaintiff states that the proposed Second Amended Complaint corrects the deficiencies raised in the motion to dismiss. However, because the pleading was not clearly labeled as a motion to amend, it was not docketed as a motion to amend. As a result, the Court issued the order striking the pleading. Extending the deadline to amend will permit Plaintiff to file a clearly labeled motion to amend, along with his proposed Second Amended Complaint. If Plaintiff files a motion to amend, Defendants may oppose the motion pursuant to Local Rule 230(l).

---

[1] Although Defendant Anderson filed an answer, the Court granted a request to strike the answer after new counsel was appointed. Defendant Anderson filed a motion to dismiss on May 27, 2014, and the motion is pending.

2

Accordingly, the Court finds good cause to modify the Discovery and Scheduling Order <u>as to all parties</u> and GRANTS Plaintiff's motion.  The new deadlines are as follows:

| | |
|---|---|
| Deadline to amend pleadings: | August 29, 2014 |
| Discovery cut-off: | September 29, 2014 |
| Dispositive motion deadline: | November 26, 2014 |

IT IS SO ORDERED.

Dated:   **July 9, 2014**                                    /s/ Dennis L. Beck
                                                                            UNITED STATES MAGISTRATE JUDGE

3