# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ATCHERLEY, | )   1:12cv00225 LJO DLB PC |
| | ) |
| Plaintiff, | )   ORDER GRANTING IN PART |
| | )   PLAINTIFF'S MOTION FOR LEAVE TO |
| vs. | )   FILE SECOND AMENDED |
| | )   COMPLAINT |
| EDGAR CLARK, et al., | ) |
| | )   (Documents 98 and 103) |
| Defendants. | ) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint ("FAC"), filed on March 14, 2013, for violation of the Eighth Amendment and negligence against numerous Defendants. The action is currently is discovery.

On July 17, 2014, Plaintiff filed a motion for leave to file a Second Amended Complaint. Defendants Abadia, Ceballos, Borbolla, Holt, Rios, Ross, Clark and Torres opposed the motion on August 1, 2014. Insofar as the motion relates to Defendant Anderson, Defendant Anderson opposed the motion in briefing related to her motion to dismiss the FAC.[1] Defendant Alade did

---

[1] By separate decision, the Court recommended that Defendant Anderson's motion to dismiss be denied.

not file an opposition.  Plaintiff did not file a reply and the motion is deemed suitable for decision pursuant to Local Rule 230(l).

## I.   **LEGAL STANDARD**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *Id.*  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## II.   **DISCUSSION**

Plaintiff moves to amend for numerous reasons, and the Court will discuss each below.  To the extent that Plaintiff moves to amend to correct misspellings of Defendants' names, such amendments are not necessary as Defendants have appeared and there is no issue with identification for service.  Moreover, insofar as Plaintiff moves to amend in response to Defendant Anderson's motion to dismiss, the amendments are most likely moot given the Court's recent Findings and Recommendations to deny the motion to dismiss.[2]

A.   Identification of Twelve Doe Defendants

In the Court's November 13, 2013, screening order, the Court determined that Plaintiff stated various causes of action against Doe Defendants.  Specifically, Plaintiff stated Eighth Amendment and negligence claims against (1) two Doe correctional officers who forced Plaintiff to walk on January 25, 2011; and (2) Doe LVNs who refused to change Plaintiff's bandages and/or send him to the prison hospital.

---

[2] If the Findings and Recommendations are not ultimately adopted and the motion is granted, Plaintiff will be given leave to amend.

Plaintiff now moves to add the names of twelve Doe LVNs and list their acts and omissions.  He states that he recently discovered their names through discovery.

Defendants oppose the amendment because these Doe Defendants encountered Plaintiff only once or twice, when they made their medication rounds.  Citing the same arguments that the Court rejected in the Findings and Recommendations issued on Defendant Anderson's motion to dismiss, Defendants contend that they cannot be held liable because they did not review Plaintiff's bandage orders, performed an isolated activity in the context of medication rounds, and did not go to Plaintiff's cell for the purpose of examining his incision site.  While these factors may be true, Plaintiff has alleged that he asked these LVNs for help, often showing them his dirty bandage, and they refused.  At the pleading stage, Plaintiff's allegations are sufficient to state an Eighth Amendment claim and a negligence claim.

Plaintiff will therefore be permitted to amend to add the names of the Doe LVNs and the facts relating to his interaction with them.

B.    Amendments to Correct "Deficiencies"

Plaintiff also moves to amend to correct mistakes in his FAC, pointed out by either Defendant Anderson's motion to dismiss and/or the Court.  He also moves to amend to correct the Eighth Amendment claim against Defendant Alade.

Plaintiff's original complaint was screened and the Court set forth the deficiencies, along with the standards to correct the deficiencies.  The Court then screened Plaintiff's FAC and ordered service on the cognizable claims.

Plaintiff cannot now move to correct these deficiencies again.  Defendants have answered the FAC and the action is now in discovery.  Allowing Plaintiff another opportunity to state a claim, at this juncture, would be prejudicial to Defendants and cause further delay in this action. The Court recognizes that Plaintiff waited until all Defendants had filed a responsive pleading to move to amend, but Plaintiff is not entitled at another bite at the apple based on information

contained in Defendants' responsive pleadings.  The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."  *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986).

        C.      <u>Amendment to Add ADA/RA Claim</u>

        Plaintiff requests that he be allowed to amend to add claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") against new Defendants Kern Valley State Prison, Corcoran State Prison and CDCR.  Plaintiff states that these claims are independent of his constitutional claims, but either relate back to the original complaint and/or involve facts that occurred after the filing of FAC.

        Plaintiff attempted to state claims under the ADA and RA in his FAC based on the denial of his wheelchair and walker.  In the November 13, 2013, screening order, the Court explained that several reasons precluded these claims.  Plaintiff could not state an ADA/RA claim against an individual, and, more importantly, Plaintiff was not denied the use of his wheelchair or walker *because of* his disability.  ECF No. 15, at 18.  Instead, Plaintiff's denial of treatment was related to an apparent issue with the order(s).

        Plaintiff's allegations in the proposed Second Amended Complaint do not correct the deficiency as to why Plaintiff was denied the use of his walker.  Plaintiff alleges that he was recognized as a disabled inmate in December 2010, and was prescribed a walker.  After his surgery, however, Plaintiff was not issued a wheelchair *or* a walker.  He states that he was forced to walk without the walker by the same correctional officers who allowed him to use his walker before the surgery.

        Plaintiff states, "if it is defendants' position that plaintiff's order for a wheelchair was not valid because he did not have a copy, then by the same token, plaintiff's medical order for the walker could not have yet been cancelled or superseded by the new chrono."  ECF No. 104, at

40.  As Defendants correctly point out, Plaintiff's allegations support a finding that the issue with the walker was related to the alleged problem with the orders.  Moreover, Plaintiff's "allegation" is nothing more than argument.

Accordingly, Plaintiff's proposed Second Amended Complaint does not set forth any facts supporting a claim that he was excluded from, or discriminated against, with regard to services, programs, or activities by reason of his disability.  To the contrary, the incidents giving rise to this lawsuit appear related solely to the medical care Plaintiff was provided, and the treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA.  *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010).

D.      New Claims Against New Defendants

Finally, Plaintiff seeks to add new claims against several new Defendants- Defendants Wang, Savage, Nix and Dileo.  Plaintiff contends that the factual allegations against them relate back to the original complaint, and/or occurred subsequent to the filing of his FAC.

In his proposed amendment, Plaintiff alleges that in August 2011, Defendant Wang failed to place a medical hold to prevent Plaintiff's transfer to Kern Valley State Prison before an approved medical procedure (knee manipulation) could be performed.  He also alleges that Defendants Savage, as an R&R nurse at the sending institution, failed to discover whether Plaintiff had any outstanding requests for services or approved procedures.  Similarly, Plaintiff alleges that Defendant Nix, the R&R nurse at the receiving institution, failed to review his file to determine if he had any medical needs.

As to Defendant Dileo, Plaintiff contends that he examined Plaintiff at Kern Valley State Prison in August 2011.  Plaintiff asked him about a knee manipulation procedure, but Defendant Dileo failed to follow up.  In January 2014, Defendant Dileo interviewed Plaintiff regarding his inmate appeals and told Plaintiff that he would not recommend knee manipulation.

Plaintiff contends that he did not learn that the knee manipulation had been approved until mid to late 2013, when he was reviewing his medical files in preparation for this action.

Defendants oppose the amendments as futile, and the Court agrees.  Plaintiff's allegations related to Defendant Wang, Savage and Nix suggest nothing more than institutional oversight and are therefore insufficient to establish deliberate indifference.  Insofar as Plaintiff contends that Defendant Wang was negligent in failing to place a medical hold, he has not alleged that Defendant Wang had a duty to do so.

With respect to Defendant Dileo, Plaintiff alleges that in August 2011, after Plaintiff transferred to Kern Valley State Prison, Defendant Dileo examined him and would not approve a knee manipulation procedure because it was not allowed by CDCR.  For the next 12-18 months, Plaintiff continued to request a knee manipulation.  He filed a number of inmate appeals in early 2014.  On January 16, 2014, at Kern Valley State Prison, Defendant Dileo interviewed Plaintiff and indicated that it was now too late for knee manipulation surgery.  Plaintiff told Defendant Dileo that he was his physician in August 2011, but he did not remember seeing a referral for service.

The claims against Defendant Dileo are barred *in this action* by Rules 18 and 20 because they are unrelated to Plaintiff's claims relating his treatment at Corcoran State Prison from 2010-2011.  Instead, they involve a defendant at a different institution and a wholly different time period.  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

Plaintiff may file a separate action against Defendant Dileo, but the claims against him are not properly joined in the current action.

## III.   CONCLUSION AND ORDER

Plaintiff's motion to amend is GRANTED IN PART and DENIED IN PART.  Plaintiff may only amend to name the Doe LVNs and include the allegations against them.  Plaintiff SHALL file his Second Amended Complaint within thirty (30) days of the date of service of this order.  If Plaintiff attempts to bring any claims other than those against the Doe LVNs, his amended complaint will be stricken.

As the Second Amended Complaint will not alter any allegations against any Defendant who has appeared, amended answers are not necessary.

IT IS SO ORDERED.

Dated:   __September 10, 2014__                    _____ /s/ _Dennis L. Beck_
                                                                        UNITED STATES MAGISTRATE JUDGE

7