1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | WILBUR ATCHERLEY, | ) Case No.: 1:12cv00225 LJO DLB (PC) |
| 12 | Plaintiff, | ) ORDER GRANTING IN PART AND |
| 13 | v. | ) DENYING IN PART PLAINTIFF'S ) MOTION TO COMPEL |
| 14 | CLARK, et al., | ) (Document 105) |
| 15 | Defendants. | ) ORDER DENYING PLAINTIFF'S MOTION |
| 16 | | ) TO DISREGARD OPPOSITION ) (Document 113) |
| 17 | | |

18

_____

19
20

    Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis

21

in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's First

22

Amended Complaint, filed on March 14, 2013, for violation of the Eighth Amendment and negligence

23

against numerous Defendants.[1]  The action is currently in discovery, with a discovery deadline of

24

September 29, 2014.

25

    On August 6, 2014, Plaintiff filed a motion to compel Defendant Clark to provide further

26

responses to Requests for Production, Set Two.  Defendant Clark opposed the motion on August 27,

27

_____

28

[1] On September 10, 2014, the Court granted Plaintiff leave to file a Second Amended Complaint naming Doe Defendants.

1

2014.  Plaintiff filed a reply on September 15, 2014, and the motion is therefore deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

A.   Plaintiff's Motion Regarding Defendant Clark's Opposition

On September 15, 2014, Plaintiff filed a motion in which he requests that the Court "waive" Defendant Clark's opposition because it was, according to Plaintiff, untimely.  However, Plaintiff's understanding of service under the Local Rules is incorrect.  Under Local Rule 135(a), parties who have consented to electronic notice are served with a "Notice of Electronic Filing," which is generated automatically when the document is filed.  Here, the Court filed Plaintiff's motion on August 6, 2014, and Defendant Clark's counsel was therefore served on August 6, 2014.  This makes his August 27, 2014, opposition timely.

Even if the opposition was untimely, however, the Court always strives to resolve a motion on the merits, and this sometimes requires consideration of an untimely filing.  Moreover, given the large amount of discovery that Plaintiff has served on each Defendant, an untimely filing would certainly be understandable.

Accordingly, Plaintiff's motion is DENIED.

B.   Legal Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

2

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

C.      Discovery at Issue

         1.      *Defendant's Boilerplate Objections*

         Plaintiff objects to Defendant Clark's boilerplate objections.  This Court has explained numerous times that boilerplate objections do not suffice to claim a privilege or to shield against the disclosure of discoverable information.  *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Rogers v. Giurbino*, 288 F.R.D. 469, 487 (S.D. Cal. 2012).  Moreover, when Defendant asserts boilerplate objections, and then goes on to provide a response "without waiving" the objections, it creates unnecessary confusion to a pro se Plaintiff.

         2.      *Request Number 24*

         Request Number 24 requests copies of medical records from San Joaquin Community Hospital ("SJCH") related to Plaintiff's left knee treatment between February 4, 2011, and February 15, 2011, "whether or not they are in Plaintiff's medical file."  ECF No. 105, at 10.  Defendant Clark objected, contending that the documents were available for Plaintiff to review by requesting them, to the extent the documents are in this medical records.  He also objected because it would be unduly burdensome and oppressive to make him search "for the documents under this circumstance."  ECF No. 105, at 11.

To the extent that they are not in Plaintiff's medical file, Defendant Clark contends that they are not in his possession, custody or control.

On April 10, 2014, the Court denied Plaintiff's request for a subpoena duces tecum to SJCH seeking the records at issue in this request. The Court indicated that although the medical records are relevant, a subpoena could not issue until it was clear that the documents were not in Defendants' care, custody or control.

In his motion, Plaintiff states that he has requested these records from CDCR, "with negative results." ECF No. 105, at 4. He contends that he can request a copy of a record from his medical file if he knows the date or document name, but he is not permitted to scan his medical file for a certain document. Plaintiff recognizes that his medical file is over 2,200 pages long, but argues that it would be easier for CDCR to obtain the records.

In opposition, Defendant Clark, a prison staff physician, explains that while some of the records from SJCH may be in his inmate file, the entirety of the records would not be in his file. He also contends that it would be speculative for him to determine whether records from that time period, without identifying information, were from SJCH. Defendant believes that the issuance of a subpoena to SJCH would now be appropriate.

The Court agrees that a subpoena would now be the most efficient means by which to obtain the records. By separate order, the Court will grant the issuance of a subpoena seeking the documents at issue. Accordingly, Plaintiff's motion to compel a further response to Request Number 24 is DENIED.

3.     *Request Number 25*

Request Number 25 copies of "any and all documentation relied upon by defendants in support of any defense in this action whether or not they benefit plaintiff's allegations or defendant's defense." ECF No. 105, at 11. Defendant Clark objected to the request as overbroad, vague and ambiguous. Defendant Clark also noted that he complied with the Court's initial disclosure requirement, which identified documents responsive to this request.

4

Plaintiff contends that Defendant's initial disclosure identified the exhibits attached to his First Amended Complaint.  Defendant also identified Plaintiff's "Unified Health Record" in his disclosures. Plaintiff argues that he is not allowed to request a complete copy of his medical records, and that he needs the information that Defendant will rely on at trial or for summary judgment.

The Court agrees that this request is vague and overbroad.  Plaintiff is not entitled to request a general universe of documents.  The request runs afoul of Rule 34(b)(1)(A), which requires a request to "describe with reasonable particularity" the document(s) requested.  Moreover, insofar as Plaintiff states that he needs the information for summary judgment or trial, Defendant's exhibits in support of summary judgment, or those he will use at trial, will be provided to Plaintiff at the appropriate time.

Plaintiff suggests that in the alternative, the Court should order Defendant to "identify each document by name and date so that Plaintiff can request a copy of it from medical records."  ECF No. 105, at 5.  Defendant, however, states that he does not yet know which medical records he will rely on at summary judgment or trial.  The Court cannot order Defendant to make decisions about his defense prior to the deadlines set in the scheduling order.

Accordingly,  Plaintiff's motion to compel a further response to Request Number 25 is DENIED.

4.     *Request Number 26*

Request Number 26 requested a copy of "any written report of any investigation into the plaintiff's claims in this action, including any statement by any of the defendants in this action."  ECF No. 105, at 11.  In objecting, Defendant argued that the request was overbroad and vague, included information that is attorney-client privileged, included information that had been provided to Plaintiff and may include information that is confidential.  Defendant also objected because the request was duplicative of three prior requests for production of documents.

In his motion, Plaintiff clarifies that he seeks statements made by witnesses or Defendants, during the investigation or as part of the inmate appeal process (January 18, 2011, through June 1, 2012), for impeachment purposes.  He clarifies that he is not seeking documents already in his possession, such the inmate appeal itself, or attorney work-product.

5

Defendant Clark argues that Plaintiff's clarification illustrates that the request is inadequate and improper, and that Plaintiff's elaboration does not match his request in Number 26.  In pro se prisoner cases, however, the Court is lenient in permitting Plaintiff to explain, or narrow, the request in moving to compel.

Defendant Clark also argues that Plaintiff's motion fails to address his objections related to confidentiality, personnel matters and rights of privacy.  Indeed, while Plaintiff may have narrowed the scope of his request, it is still possible that responsive documents may be properly withheld.

As to Defendant's contention that the request is duplicative of numbers 14, 15 and 16, the request is duplicative to some extent.  Requests 14, 15 and 16 requested the "appeal inquiry reports" for three appeals submitted by Plaintiff, specifically the statements of all witnesses who were interviewed or provided statements.  Plaintiff's clarification, however, also includes statements that were part of the investigation, but not necessarily part of the appeal.  Such statements may or may not exist.

Statements related to Plaintiff's appeals and/or investigations are relevant to Plaintiff's claims, and because Plaintiff has narrowed his request, the Court will GRANT the motion.  Defendant shall provide a supplemental response for the following request: Statements made by witnesses or Defendants during the investigations of Plaintiff's appeals related to the claims in this action, for the dates January 18, 2011, through June 1, 2012.  In responding, Defendant Clark is reminded that bare assertions of privilege do not suffice.

   5.   *Request Number 27*

Plaintiff's Request Number 27 asks Defendant to "provide three (3) 5x7 pictures each of Plaintiff's left and right knee.  Defendant objected to the request because he is not required to create responsive documents where they otherwise do not exist.

In his motion, Plaintiff argues that he is not permitted to use a camera in prison, and that the only way for Plaintiff to obtain pictures is for Defendant to take the pictures.  He believes that Defendant could easily take the pictures without wasting much effort or time.

6

Parties are not required to create documents in response to requests for production.  If a requested document does not exist, the responding party's obligation ends.  The responding party's obligation does not change because Plaintiff is a prisoner without access to a camera.

Plaintiff's motion to compel a further response to Request Number 27 is DENIED.

6.      *Request Numbers 29-42*

Request Numbers 29-42 seek "all documents reviewed by CDCR employees, including any of the defendants" in various Staff Training Classes.  Defendant objected to the requests as overbroad, irrelevant, vague and duplicative of other requests for which Defendant has produced documents.  Notwithstanding these objections, Defendant stated that after a reasonable search, no further responsive documents were located.

Plaintiff disagrees that the request is duplicative of prior Request for Production Numbers 3-9, which requested Defendants' "IST Reports," from the time they became employed with CDCR to present.  Plaintiff argues that the IST Reports, which Defendants produced to the extent they existed, are simply lists of the training classes attended, along with the class codes and the dates the classes were held.  From this list, Plaintiff was able to identify relevant classes and now seeks "what the training consisted of. . ."  ECF No. 105, at 7.  Plaintiff contends that the training materials are relevant because he wants to learn whether the training was consistent with federal and state law, whether it was fair and adequate, whether it was consistent with the community standard care, and whether Defendants followed their training.

As Defendant Clark pointed out in his opposition, Defendant Clark participated only the training course identified in Request Number 42 ("Armstrong MOD 1 Overview"), and he is therefore unable to produce documents that other Defendants may have reviewed in their training classes.  ECF No. 105, at 19.  Plaintiff argues that Defendant Clark should be made to answer for every Defendant, but he is incorrect.  Plaintiff may obtain discovery such from other Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Clark further contends that he "does not have materials, if any ever existed, that he reviewed for the class identified in request number 42. . ." ECF NO. 106, at 8.  Defendant Clark's response was therefore proper.

To the extent that Plaintiff now narrows his request training materials, such materials may be relevant to Plaintiff's Eighth Amendment deliberate indifference claim and medical negligence claim against Defendant Clark.  Accordingly, the Court GRANTS Plaintiff's motion to compel a further response to Request Number 42.  Defendant SHALL provide a further response to a request for training materials for the course identified in Number 42.

Plaintiff's motion to compel further responses to Requests 29-41 is DENIED.

**ORDER**

Plaintiff's motion regarding Defendant Clark's opposition is DENIED.

Plaintiff's motion is GRANTED IN PART AND DENIED IN PART, as explained above. Defendant Clark must provide supplemental responses within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   __September 17, 2014__                 _____ /s/ *Dennis L. Beck*__
                                                              UNITED STATES MAGISTRATE JUDGE

8