**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR ATCHERLEY, | ) Case No.: 1:12cv00225 LJO DLB (PC) |
| | ) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S MOTION TO |
| v. | ) COMPEL DEFENDANT ALADE TO PROVIDE |
| | ) FURTHER RESPONSES TO INTERROGATORIES |
| CLARK, et al., | ) 5, 6, 8, 9 AND 11 |
| | ) |
| Defendants. | ) (Document 115) |
| | ) |
| | ) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint, filed on March 14, 2013, for violation of the Eighth Amendment and negligence against numerous Defendants.[1] Pursuant to Court order, discovery was to be completed by September 29, 2014.

On September 17, 2014, Plaintiff filed numerous motions to compel, including the instant motion. Plaintiff seeks to compel Defendant Alade to provide further responses to his First Set of Interrogatories, Numbers 5, 6, 8, 9 and 11.

---

[1] On September 10, 2014, the Court granted Plaintiff leave to file a Second Amended Complaint naming Doe Defendants.

Defendant Alade opposed the motion on October 6, 2014, and Plaintiff filed his reply on October 20, 2014.  The motion is submitted for decision pursuant to Local Rule 230(l).

## RELEVANT ALLEGATIONS IN FIRST AMENDED COMPLAINT

According to Plaintiff's First Amended Complaint, Defendant Alade treated Plaintiff for a period of time in 2010 and 2011.  He performed arthroscopic surgery on Plaintiff's left knee on January 18, 2011, and ordered that Plaintiff use a wheelchair for two weeks and that his bandages be kept clean and dry until his next appointment.  Plaintiff alleges that just prior to the surgery, he told Defendant Alade of a prior infection, and Defendant Alade said that he would order antibiotics for Plaintiff after surgery.  However, Defendant Alade forgot to do so.

Defendant Alade performed a second surgery on Plaintiff's left knee on February 11, 2011, to clean out an infection caused by poor wound care.

The Court found that Plaintiff stated a claim for medical negligence against Defendant Alade based on his alleged failure to prescribe antibiotics after the first surgery.

## LEGAL STANDARD

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  *Hunt v. County of Orange*, 672

2

F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

## DISCUSSION

### Interrogatory Number 5

Interrogatory

Plaintiff had arthroscopic surgery of his left knee on January 18, 2011. Based on your experience and training, approximately how long after the surgery would you expect a patient, including Plaintiff, to have leakage or drainage from the wound, any part of the wound?

Response

Responding party objects on the grounds that this interrogatory calls for speculation, is compound, and seeks expert witness testimony in violation of the timing requirements found within the Federal Rules of Civil Procedure 26.

Analysis

For all of the interrogatories at issue, Plaintiff contends that he requests information from Defendant Alade as a Defendant in this action who provided treatment, rather than as an expert witness. Plaintiff believes that the interrogatories seek Defendant Alade's "first-hand knowledge of that treatment, the reasons for that treatment, and the plaintiff's condition both before and after the two surgeries." ECF No. 115, at 3. Plaintiff argues that during his treatment, Defendant Alade "formed opinions" about Plaintiff's condition, and that he should be able to explore those opinions." ECF No. 115, at 5.

3

In his opposition, Defendant argues that Plaintiff is asking him to speculate "as to not only plaintiff's wound leakage, but also upon every patient, regardless of background, or other factors, who might have the same or similar surgery." ECF No. 133, at 5.  Defendant also argues that the question calls for expert testimony because it does not ask for a response based on Defendant's percipient knowledge of the facts of this case, but instead seeks a generalized medical inquiry.

Defendant's objections are without merit.  While Plaintiff may use the words "expertise and training," his question is aimed at his *own* treatment, and Defendant has the requisite knowledge to respond to the question.  Indeed, in his motion, Plaintiff rephrases the question as, "how long after the surgery [would he] expect the plaintiff's wound to leak or drain?"  ECF No. 115, at 4.

Moreover, the interrogatory does not call for speculation.  It simply calls for a "what is typical" response.  As noted above, an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2).

Plaintiff's motion to compel a further response to Interrogatory Number 5 is GRANTED.  Defendant must provide a further response as the question relates to Plaintiff and his treatment.

**Interrogatory Number 6**

Interrogatory

Based on your training and experience, what would be the appropriate treatment for a patient, including plaintiff, who in less than 48 hours of surgery had a stitch pulled out or that fell out of one of the incision ports alleged in plaintiff's First Amended Compliant (FAC) (i.e., should the stitch have been replaced, should a doctor have been consulted, should a paper stitch have been used instead)?

Response

Objection.  Responding party objects on the grounds that this interrogatory calls for speculation, is compound, and seeks expert witness testimony in violation of the timing requirements found within the Federal Rules of Civil Procedure 26.

Analysis

The parties set forth the same arguments as above, and for the same reasons, the Court finds that Defendant's objections are not proper.  In his opposition, Plaintiff rephrases the question as requesting "the

4

appropriate treatment for the plaintiff who had a stitch pulled out within 48 hours of" Defendant Alade placing the stitch.  ECF No. 115, at 4.

Plaintiff's motion to compel a further response to Interrogatory Number 6 is GRANTED, and Defendant must provide a further response as the question relates to Plaintiff and his treatment.

**<u>Interrogatory Number 8</u>**

<u>Interrogatory</u>

Based on your training and experience, if the claims made by plaintiff in his FAC are true, would you say that plaintiff received appropriate medical care for his condition and medical complaints or not. Please esplain [sic] your answer either way.

<u>Response</u>

Objection.  Responding party objects on the grounds that this interrogatory calls for speculation, is compound, is an incomplete hypothetical, and seeks expert witness testimony in violation of the timing requirements found within the Federal Rules of Civil Procedure 26.

<u>Analysis</u>

Unlike Numbers 5 and 6, Number 8 calls for an expert opinion.  The interrogatory would require Defendant Alade to offer his expert opinion as to the appropriateness of care rendered by *all Defendants*. It would require Defendant Alade to go beyond his knowledge of his treatment of Plaintiff.

Accordingly, Plaintiff's motion to compel a response to Interrogatory Number 8 is DENIED.

**<u>Interrogatory Number 9</u>**

<u>Interrogatory</u>

If a patient had arthroscopic surgery on his knee on January 18, 2011 and was complaining nine days later on January 27, 2011 of increased leakage and drainage with chills and vomiting, in your professional judgment, what would that indicate to you?  Please describe your answer in as much detail as possible.

Response

Responding party objects on the grounds that this interrogatory calls for speculation, is compound, is an incomplete hypothetical, and seeks expert witness testimony in violation of the timing requirements found within the Federal Rule of Civil Procedure 26.

Analysis

Defendant's objections are without merit.  Again, the question is related to Defendant Alade's treatment of Plaintiff and his understanding of the standard of care.

Plaintiff's motion to compel a further response to Interrogatory Number 9 is GRANTED and Defendant Alade shall provide a further response as the question relates to Plaintiff and his treatment.

**Interrogatory Number 11**

Interrogatory

Based on your training and experience and after reviewing your records of the patient and after the surgery you performed on plaintiff on February 11, 2011 and after your examination of plaintiff after he was admitted to San Joaquin Community Hospital and after considering the allegations made in the complaint are you able to say with any degree of certainty how or when plaintiff became infected with staph?

Response

Objection.  Responding party objects on the grounds that this interrogatory calls for speculation, is compound, is an incomplete hypothetical and seeks expert witness testimony in violation of the timing requirements found within Federal Rules of Civil Procedure 26.  This interrogatory further assumes facts not in evidence (i.e., that responding part has made review of records in connection with this case.)

Analysis

Defendant's objections are again without merit.  Again, the question is related to Defendant Alade's treatment of Plaintiff and requests an opinion based on his treatment.  The question simply requires a "yes" or "no" answer.

Plaintiff's motion to compel a further response to Interrogatory Number 11 is GRANTED and Defendant Alade shall provide a further response as the question relates to Plaintiff and his treatment.

6

**<u>ORDER</u>**

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.  Defendant Alade SHALL provide further responses to Interrogatories 5, 6, 9 and 11 within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 11, 2014**               /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE

7