1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  WILBUR ATCHERLEY,                    )  Case No.: 1:12cv00225 LJO DLB (PC)
                                          )
12                      Plaintiff,        )  ORDER REGARDING PLAINTIFF'S MOTION TO
                                          )  DETERMINE SUFFICIENCY OF DEFENDANT
13          v.                            )  ALADE'S RESPONSES TO REQUESTS FOR
                                          )  ADMISSIONS
14  CLARK, et al.,                        )
                                          )
15                      Defendants.       )  (Document 116)
                                          )
16  _____    )

17          Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's First

19  Amended Complaint, filed on March 14, 2013, for violation of the Eighth Amendment and negligence

20  against numerous Defendants.[1]  Pursuant to Court order, discovery was to be completed by September

21  29, 2014.

22          On September 17, 2014, Plaintiff filed numerous discovery motions, including this motion to

23  determine the sufficiency of Defendant Alade's responses to various Requests for Admissions

24  ("RFA") in his First, Second and Third Sets.

25
26
27  _____

28  [1] On September 10, 2014, the Court granted Plaintiff leave to file a Second Amended Complaint naming Doe Defendants.

1

Defendant Alade opposed the motion on October 6, 2014, and Plaintiff filed his reply on October 20, 2014.  The motion is submitted for decision pursuant to Local Rule 230(l).

## RELEVANT ALLEGATIONS IN FIRST AMENDED COMPLAINT

According to Plaintiff's First Amended Complaint, Defendant Alade treated Plaintiff for a period of time in 2010 and 2011.  He performed arthroscopic surgery on Plaintiff's left knee on January 18, 2011, and ordered that Plaintiff use a wheelchair for two weeks and that his bandages be kept clean and dry until his next appointment.  Plaintiff alleges that just prior to the surgery, he told Defendant Alade of a prior infection, and Defendant Alade said that he would order antibiotics for Plaintiff after surgery.  However, Defendant Alade forgot to do so.

Defendant Alade performed a second surgery on Plaintiff's left knee on February 11, 2011, to clean out an infection caused by poor wound care.

The Court found that Plaintiff stated a claim for medical negligence against Defendant Alade based on his alleged failure to prescribe antibiotics after the first surgery.

## LEGAL STANDARD

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  *Hunt v. County of Orange*, 672

2

F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." *Id.* Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned. *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat*

*Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); *Mitchell*, 2010 WL 3835765, at *1.

## DISCUSSION

### RFA Number 3

<u>Request</u>

Please admit that it was not normal for plaintiffs [sic] knee following surgery, to be leaking and draining more than seven days after the knee surgery took place.

<u>Response</u>

Objection:  Responding party objects on the grounds that this request is vague and ambiguous and calls for expert witness testimony.

<u>Analysis</u>

Defendant's objections are without merit.  Insofar as Defendant Alade objects based on his belief that this request requires expert testimony, he is incorrect.  This request is based on Plaintiff's knee surgery and the alleged post-operative issues, and Defendant has knowledge of both.

Defendant also argues that the request is vague and ambiguous, contending that it does not define which knee surgery, what type of knee surgery, the events surrounding that post-operative process, the definition of "normal," and/or the nature of "leakage and drainage."  ECF No. 132, at 3. While the Court recognizes that Plaintiff's request is not well-defined, it also recognizes that Plaintiff is proceeding pro se.  In such circumstances, common sense plays a large role in resolving discovery disputes.  The Court therefore finds that Defendant's answer is insufficient, and orders him to respond to the request based on his treatment of Plaintiff arising from the January 18, 2011, surgery.

### RFA Number 5

<u>Request</u>

Please admit that plaintiffs [sic] bandage following the January 18, 2011 should have been changed at least daily at a minimum, especially if it was leaking and draining.

4

Response

Objection:  Responding party objects on the grounds that this request is vague and ambiguous, compound, an incomplete hypothetical and calls for expert witness testimony.

Analysis

Defendant's objections are without merit, for the same reasons discussed in the analysis of RFA 3. Defendant's answer is insufficient and he is ordered to respond to the request based on his treatment of Plaintiff arising from the January 18, 2011, surgery.

**RFA Number 7**

Request

Please admit that if the allegations plaintiff made in his FAC against the other defendants are true, that the plaintiff did not receive the appropriate medical care and treatment for his condition.

Response

Objection: Responding party objects on the grounds that this request calls for expert witness testimony.

Analysis

This request requires Defendant Alade to go beyond his treatment of Plaintiff and opine as to the quality of care he received from the other Defendants.  Therefore, the Court agrees that this request calls for expert testimony and denies Plaintiff's motion.

**RFA Number 9**

Request

Please admit that you did a second surgery on plaintiff's left knee on February 11, 2011, to clean out the infection caused by poor wound care.

Response

Objection: Responding party objects on the grounds that this request calls for expert witness testimony.  Without waiving said objections, responding party responds: Responding party admits that he performed a second surgery on plaintiff's left knee on February 11, 2011.

5

Analysis

Plaintiff argues that is an incomplete response, and that he was seeking to clarify whether the surgery was performed for the purpose of cleaning out an infection caused by poor wound care. Plaintiff also points to Defendant Alade's operation report, attached to his motion as Exhibit E, which indicates that Plaintiff had poor wound care post-op and that the indication for surgery was "septic arthritis of the left knee." ECF No. 116, at 41.

Given Defendant's operative report, it seems disingenuous to provide an incomplete answer. To the extent that Defendant Alade believes that this request requires expert testimony, he is incorrect. The request is directly related to Defendant Alade's treatment of Plaintiff.

Accordingly, Defendant's answer is insufficient and he is ordered to supplement his response.

**RFA Number 11**

Request

Please admit that the recommended knee manipulation procedure was never completed by you or anyone else as far as you know.

Response

Objection: Responding party objects on the grounds that this request calls for speculation. Without waiving said objections, responding party responds: Responding party lacks personal knowledge as to whether or not the knee manipulation procedure was ever performed.

Analysis

Pursuant to Rule 36, an answering party my only assert lack of knowledge "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." "Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts ." A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 254 (C.D.Cal. 2006).

Defendant's response does not comply with this requirement. While it may be that Defendant Alade, who is not employed by CDCR and works at Pacific Orthopedic, may not have sufficient access to

Plaintiff's complete medical file, he must provide further information in his response.  However, the request also asks whether Defendant himself performed the procedure.

Defendant's response is therefore insufficient and the Court orders Defendant to supplement his response.

### RFA Number 13

<u>Request</u>

Please admit that it would now be too late to complete the knee manipulation procedure on plaintiff that was recommended over or almost three years ago.

<u>Response</u>

Responding party objects on the grounds that this request calls for expert witness testimony.

<u>Analysis</u>

Defendant's objection is sustained.  This request requires Defendant Alade to go beyond his treatment of Plaintiff and opine as to Plaintiff's subsequent treatment by other health care providers.

### RFA Number 14

<u>Request</u>

Please admit taht [sic] if the plaintiffs [sic] condition now was the same as it was on April 22, 2011 when you recommended the knee manipulation procedure or if it was worse, the plaintiff would be permanently handicap [sic] or his mobility would be impaired.

<u>Response</u>

Objection: Responding party objects on the grounds that this request is vague and ambiguous, compound, an incomplete hypothetical, calls for speculation, and calls for expert witness testimony.

<u>Analysis</u>

Defendant's objections are overruled.  Although Plaintiff's question could be better expressed, the intent of his question is clear.  Plaintiff is asking Defendant Alade if Plaintiff's condition, as Defendant Alade knew it to be on April 22, 2011, would cause a permanent handicap or a mobility impairment.  The question does not call for speculation or expert testimony, and only requires Defendant Alade's opinion based on his treatment of Plaintiff on April 22, 2011.  The Court notes, however, that in Plaintiff's First

Amended Complaint, he alleges that Defendant Alade recommended the procedure on March 30, 2011 (ECF No. 10, at 15).  Defendant Alade may therefore not have sufficient knowledge of Plaintiff's condition on April 22, 2011, but this does not negate the need for a proper response.

Therefore, Defendant's response is insufficient and he is ordered to provide a response.

**RFA Number 18**

Request

Please admit that if the plaintiff had not used a wheelchair or had not been allowed to use the wheelchair following the January 18, 2011 surgery, the plaintiff could have re-injured his knee.

Response

Objection: Responding party objects on the grounds that this request is vague and ambiguous, an incomplete hypothetical, calls for speculation, and calls for expert testimony.

Analysis

Defendant's objections are well taken and Plaintiff's motion is denied.

**RFA Number 19**

Request

Please admit that in not using a wheelchair, it could have contributed to the plaintiff sweating more into his wound and the development of a staph infection.

Response

Objection: Responding party objects on the grounds that this request is an incomplete hypothetical, calls for speculation, and calls for expert testimony.

Analysis

Defendant's objections are well taken and Plaintiff's motion is denied.

**RFA Number 20**

Request

Please admit that if the plaintiff did not maintain his dressing clean and dry or if the plaintiff was not allowed to maintain his dressing clean and dry, that the dirty and wet bandage could have contributed to the development of a staph infection.

Response

Objection: Responding party objects on the grounds that this request is vague and ambiguous, compound, an incomplete hypothetical, calls for speculation, and calls for expert testimony.

Analysis

Defendant's objections are well taken and Plaintiff's motion is denied.

## RFA Number 21

Request

Please admit that a minimum, the bandage following arthroscopic Knee [sic] surgery should be changed daily, every two days, as often as it is needed even if that's more than once a day.

Response

Objection: Responding party objects on the grounds that this request is vague and ambiguous, compound, an incomplete hypothetical, calls for speculation, and calls for expert testimony.

Analysis

Defendant's objections are without merit.  Defendant's response is insufficient and he is ordered to provide a response as the request pertains to his treatment of Plaintiff on or after January 18, 2011.

## RFA Number 22

Request

Please admit that when you performed surgery on plaintiff's knee on January 18, 2011 and again on February 11, 2011, the plaintiff had a serious medical need.

Response

Objection: Responding party objects on the grounds that this request is vague and ambiguous, compound, and calls for expert testimony.

Analysis

While the Court does not necessarily agree with Defendant's objections, the request does ask Defendant Alade to make a legal conclusion.  The request is also somewhat irrelevant, as there appears to

9

be no dispute that at the time Defendant Alade performed the surgeries, Plaintiff had a serious medical need.  Accordingly, Defendant need not provide a response.

### RFA Number 23

<u>Request</u>

Please admit that when you recommended plaintiff for the knee manipulation procedure, the plaintiff had a serious medical need.

<u>Response</u>

Objection: Responding party objects on the grounds that this request is vague and ambiguous and calls for expert testimony.

<u>Analysis</u>

Again, while the Court does not necessarily agree with Defendant's objections, the request does ask Defendant Alade to make a legal conclusion.  The request is also somewhat irrelevant, as there appears to be no dispute that at the time Defendant Alade recommended knee manipulation, Plaintiff had a serious medical need.  Accordingly, Defendant need not provide a response.

### RFA Number 24

<u>Request</u>

Please admit that if the allegations plaintiff has made in his FAC against the other defendants are true, that the prisons [sic] medical staff violated the proper standard of medical care to which plaintiff was entitled.

<u>Response</u>

Objection: Responding party objects on the grounds that this request is vague and ambiguous, an incomplete hypothetical, calls for speculation, and calls for expert testimony.

<u>Analysis</u>

Defendant's objection is sustained insofar as he contends that this response requires expert testimony.  This request requires Defendant Alade to go beyond his treatment of Plaintiff and opine as to Plaintiff's subsequent treatment by other health care providers.  Defendant does not need to provide a response.

**RFA Number 25**

Request

Please admit that during the plaintiffs [sic] recovery time following the two surgeries of his left knee, the plaintiff had a serious medical need.

Response

Objection: Responding party objects on the grounds that this request is vague and ambiguous, an incomplete hypothetical, calls for speculation, and calls for expert testimony.

Analysis

Again, while the Court does not necessarily agree with Defendant's objections, the request does ask Defendant Alade to make a legal conclusion. The request is also somewhat irrelevant, as there appears to be no dispute that at the time Defendant Alade performed the surgeries, Plaintiff had a serious medical need. Accordingly, Defendant need not provide a response.

**RFA Number 29**

Request

Please admit if the plaintiff was not changing his wet and dirty bandage or if the plaintiff was not being allowed to change his wet and dirty bandage, that would be a violation of your medical orders to keep dressing clean and dry.

Response

Objection: Responding party objects on the grounds that this request is vague and ambiguous, compound, an incomplete hypothetical, overbroad, assumes facts not in evidence, calls for speculation, and calls for expert testimony.

Analysis

Defendant's objections are without merit. While Plaintiff's request does not specifically state the time frame at issue, the context of the question indicates that Plaintiff is referring to the period after the first surgery, on January 18, 2011. Defendant Alade has knowledge of his treatment of Plaintiff during that time period, and any opinion given will not require expert testimony. This is

especially true given Plaintiff's allegations that Defendant Alade ordered that his bandages be kept clean and dry.

Insofar as Defendant states that the request assumes facts not in evidence, his objection is overruled.  "Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing.  This, however, is discovery."  *Garcia v. Clark*, 2012 WL 1232315, at \*2 (E.D.Cal. 2012).

Therefore, Defendant's response is insufficient and he is ordered to provide a response as the request pertains to his treatment of Plaintiff on or after January 18, 2011.

**RFA Number 30**

<u>Request</u>

Please admit that the failure to change a wet and dirty bandage over an incision where a stitch has been pulled out could have contributed to the development of a staph infection for plaintiff or any patient.

<u>Response</u>

Objection: Responding party objects on the grounds that this request is vague and ambiguous, an incomplete hypothetical, assumes facts not in evidence, calls for speculation, and calls for expert testimony.

<u>Analysis</u>

Defendant's objections are well taken, Plaintiff's motion is denied.

**RFA Number 36**

<u>Request</u>

Please admit that the order referenced in #35 above means that if the bandage becomes dirty or wet, the bandage is to be changed.

<u>Response</u>

Objection: This request is vague and ambiguous and calls for speculation and premature expert witness opinion.  Subject to and without waiving said objections, responding party responds: Responding party's order was for the patient's dressing to be kept clean and dry.

<u>Analysis</u>

Plaintiff states that he is seeking clarification of Defendant Alade's order after the January 18, 2011, surgery.  Plaintiff believes that the order itself is vague.

Defendant's objections are overruled.  The request is not vague or ambiguous, nor does it call for expert testimony, as it refers to a specific order written by Defendant Alade.  Defendant's response is therefore insufficient and he is ordered to provide a supplemental response.

**<u>RFA Number 37</u>**

<u>Request</u>

Please admit that as the treating Physician [sic] for the plaintiffs [sic] left knee surgery on January 18, 2011 that you would have wanted to be notified if the plaintiffs [sic] knee was still draining ten days after your surgery on him.

<u>Response</u>

Objection: This Request is vague and ambiguous, calls for speculation, constitutes an incomplete hypothetical, assumes facts not in evidence, and prematurely seeks expert witness opinion.

<u>Analysis</u>

Defendant's objections are overruled.  The response is not vague or ambiguous, nor does it call for expert testimony, as it refers to a Defendant Alade's treatment of Plaintiff after the January 18, 2011, surgery.  Defendant's response is therefore insufficient and he is ordered to provide a supplemental response.

**<u>RFA Number 38</u>**

<u>Request</u>

Please admit that as the treating Physician [sic] for the plaintiffs [sic] left knee surgery, you would have been concerned if you had been made aware that the knee was still draining ten days after surgery.

<u>Response</u>

Objection: This Request is vague and ambiguous, calls for speculation, constitutes an incomplete hypothetical, assumes facts not in evidence, and prematurely seeks expert witness opinion.

Analysis

Defendant's objections are overruled for the same reasons discussed in the analysis of RFA 37. Defendant's response is therefore insufficient and he is ordered to provide a supplemental response.

**RFA Number 39**

Request

Please admit that as the treating Physician/surgeon on plaintiffs [sic] left knee that your "Physician's order to "Keep dressing clean and dry" meant for the plaintiff to change or have his bandage changed anytime it was dirty or wet.

Response

Objection: This request is vague and ambiguous, calls for speculation, and prematurely seeks expert witness opinion.

Analysis

Regardless of Defendant's objections, this request is duplicative of RFA 36.  Defendant need not provide a response.

**RFA Number 40**

Request

Please admit that when you wrote your operation report for the surgery you did on plaintiffs left knee on February 11, 2011 that in your operation report, you indicated and/or stated that the plaintiff had received "poor wound care."

Response

Objection: This Request is vague and ambiguous.  Subject to and without waiving said objections, responding party responds: Responding party admits that the following sentence is found within the Operative Report for the February 11, 2011 procedure: 'Patient is post knee arthroscopic surgery who had poor wound care[.]'  Responding party did not specify or state that the patient "received" poor wound care as phrased in the call of the question.

14

<u>Analysis</u>

Defendant has provided a sufficient response.  Plaintiff's request is aimed at whether Defendant Alade used the term "poor wound care" in his report.  Whether Plaintiff "had" or "received" poor wound care is irrelevant.

**<u>ORDER</u>**

Plaintiff's motion to determine the sufficiency of Defendant Alade's responses to Requests for Admission is DENIED IN PART and GRANTED IN PART.  Defendant Alade SHALL provide responses within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 11, 2014**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE

15