UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | ) Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S MOTION TO |
| v. | ) COMPEL DEFENDANT ALADE TO PROVIDE |
| | ) FURTHER RESPONSES TO INTERROGATORIES |
| CLARK, et al., | ) 15-18 AND 20-24 |
| Defendants. | ) (Document 123) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint, filed on March 14, 2013, for violation of the Eighth Amendment and negligence against numerous Defendants.[1]  Pursuant to Court order, discovery was to be completed by September 29, 2014.

On September 17, 2014, Plaintiff filed numerous motions to compel, including the instant motion.  Plaintiff seeks to compel Defendant Alade to provide further responses to his Third Set of Interrogatories, Numbers 15-18 and 20-24.

---

[1] On September 10, 2014, the Court granted Plaintiff leave to file a Second Amended Complaint naming Doe Defendants.

1

Defendant Alade opposed the motion on October 6, 2014, and Plaintiff filed his reply on October 20, 2014. The motion is submitted for decision pursuant to Local Rule 230(l).

## RELEVANT ALLEGATIONS IN FIRST AMENDED COMPLAINT

According to Plaintiff's First Amended Complaint, Defendant Alade treated Plaintiff for a period of time in 2010 and 2011. He performed arthroscopic surgery on Plaintiff's left knee on January 18, 2011, and ordered that Plaintiff use a wheelchair for two weeks and that his bandages be kept clean and dry until his next appointment. Plaintiff alleges that just prior to the surgery, he told Defendant Alade of a prior infection, and Defendant Alade said that he would order antibiotics for Plaintiff after surgery. However, Defendant Alade forgot to do so.

Defendant Alade performed a second surgery on Plaintiff's left knee on February 11, 2011, to clean out an infection caused by poor wound care.

The Court found that Plaintiff stated a claim for medical negligence against Defendant Alade based on his alleged failure to prescribe antibiotics after the first surgery.

## LEGAL STANDARD

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. *Hunt v. County of Orange*, 672

F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

## **DISCUSSION**

### **Interrogatory Number 15**

Interrogatory

As the plaintiff's treating physician and/or surgeon for the plaintiff's Left Knee arthroscopic knee surgery on January 18, 2011, please state the approximate amount of time that you would expect his wounds to leak or drain, if any.

Response

Objection: Responding party objects on this basis that this interrogatory calls for expert testimony.

Analysis

In the Court's order regarding Plaintiff's First Set of Interrogatories, it explained the parties positions as to whether the interrogatory calls for expert testimony, and it will not repeat those arguments here.

Defendant's objection is overruled. As Defendant Alade has in other discovery responses, he again contends that this interrogatory asks a "generalized medical inquiry to Dr. Alade and asking that he respond as to what he would 'expect' to see in this patient." ECF No. 134, at 4. Contrary to Defendant's

characterization, the interrogatory asks a direct question about his treatment of Plaintiff, and Defendant has the requisite knowledge to respond to the question.

Plaintiff's motion to compel a further response to Interrogatory Number 15 is GRANTED. Defendant must provide a further response as the question relates to Plaintiff and his treatment.

**Interrogatory Number 16**

Interrogatory

As the treating physician and/or surgeon for plaintiff's left knee arthroscopic surgery on January 18, 2011, would you have been concerned if the plaintiff reported that his wound was draining increasingly heavier each day from January 23, 2011 through February 4, 2011 when plaintiff was admitted to San Joaquin Community Hospital (i.e., 5, 7, 10 days following surgery)?

Response

Objection. Responding party objects on this basis, that this interrogatory calls for expert witness testimony and calls for speculation.

Analysis

Again, this question does not call for expert testimony because it is directly related to Defendant Alade's treatment of Plaintiff.  Insofar as Defendant argues that the interrogatory is speculative, the objection is overruled.  While Defendant may not agree with the facts set forth, the interrogatory does not require Defendant to speculate as to any facts.

Plaintiff's motion to compel a further response to Interrogatory Number 16 is GRANTED and Defendant must provide a further response.

**Interrogatory Number 17**

Interrogatory

As the treating physician and/or surgeon for plaintiff's left knee arthroscopic surgery on January 18, 2011, would you have wanted to be notified by a patient, including the plaintiff, if the wound was draining 7 and 10 days after the surgery?

4

Response

Objection. Responding party objects on the grounds that this interrogatory calls for expert witness testimony, calls for speculation, is compound, and is an incomplete hypothetical.

Analysis

This request does not call for expert witness testimony for the same reasons discussed above. Defendant's remaining objections are overruled. Again, while Defendant Alade may not like the facts set out, it does not mean that the interrogatory is speculative, or based on an incomplete hypothetical.

In opposing Plaintiff's motion to compel, Defendant often makes the requests far more complicated than they actually are. For example, Defendant Alade argues that this interrogatory is "impossibly compound" because "it seeks answers to whether Dr. Alade would want to be notified seven days after surgery, ten days after surgery, and from where and what type of drainage was occurring." ECF No. 134, at 7. The request, however, simply states, "drainage," and requires little more than a "yes" or "no" answer.

Plaintiff's motion to compel a further response to Interrogatory Number 17 is GRANTED and Defendant must provide a further response.

**Interrogatory Number 18**

Interrogatory

Please state the minimum amount of time that a patient's knee arthroscopic surgery (including the plaintiff) might normally be expected to drain following surgery before the wound closes up. (I want to know what you would have told me if I asked you this question in your office as your patient and I asked, "what should I do if I am draining 7 or 10 days after surgery, heavier each day").

Response

Objection: Responding party objects on this basis that this interrogatory calls for expert witness testimony, is compound, calls for speculation, and is an incomplete hypothetical.

Analysis

This request does not call for expert testimony because it deals directly with Defendant's treatment of Plaintiff during and after the January 18, 2011, surgery. However, the Court agrees that the part of the

question in parenthesis would require Defendant Alade to speculate as to how he would have treated Plaintiff.

Accordingly, Plaintiff's motion to compel a further response to Interrogatory Number 18 is GRANTED IN PART.  Defendant shall provide a response only to the first sentence, insofar the question relates to his treatment of Plaintiff after the January 18, 2011, surgery.

**Interrogatory Number 20**

Interrogatory

Is it possible or even likely that a patient, including the plaintiff, could have developed a staph (MRSA) infection from having dirty or constantly wet bandage that was changed only once every three or so days?  (You are not being asked as a expert witness, but as plaintiff's surgeon for the January 18, 2011 surgery in which you wrote Physicians order to "maintain dressing clean and dry.)

Response

Objection. Responding party objects on this basis that this interrogatory calls for expert witness testimony, is compound, calls for speculation, and is an incomplete hypothetical.

Analysis

Defendant's objections are well taken.  Plaintiff's motion is denied.

**Interrogatory Number 21**

Interrogatory

When you did plaintiff's January 18, 2011 left knee arthroscopic surgery and write the post-operative order to keep the plaintiff's dressing clean and dry, was it your intention that plaintiff's bandage be changed whenever it was dirty or wet, as to conform with your post-operative order? (I want to know what you meant when you wrote the order and if it constitutes a bandage change order per se)

Response

Objection: Responding party objects on this basis that this interrogatory calls for expert witness testimony, is compound, calls for speculation, and is an incomplete hypothetical.

Analysis

The question is directly related to an order written by Defendant Alade, and Plaintiff is entitled to explore his rationale. However, although Plaintiff may have been trying to explain his request, the portion of the request in parenthesis confuses the issue. Defendant need only provide a response to the first sentence of the interrogatory. As Plaintiff states in his motion, the interrogatory requires only a "yes" or "no" response.

Plaintiff's motion to compel a further response to Interrogatory Number 21 is GRANTED IN PART and Defendant Alade shall provide a further response as the question relates to Plaintiff and his treatment.

**Interrogatory Number 22**

Interrogatory

In response to plaintiff's request for admission no. 47, you stated that in the calendar year 2011 you did not normally order post-operative antibiotics on a prophylactic basis. Is it possible that you would have considered ordering antibiotics for an inmate patient who informed you that he had recently has an infection that he was not quite over (I want to know if it is possible that you told the plaintiff you would order antibiotics because of his recent infection.)

Response

Objection: Responding party objects on this basis that this interrogatory calls for expert witness testimony, is compound, calls for speculation, and is an incomplete hypothetical.

Analysis

This request does not call for expert testimony because it deals directly with Defendant's treatment of Plaintiff during and after the January 18, 2011, surgery. However, the Court agrees that, as written, the would require Defendant Alade to speculate as to how he would have treated Plaintiff.

Nonetheless, asking whether it was possible that Defendant Alade told Plaintiff that he would order antibiotics is a proper interrogatory. Indeed, in his motion, Plaintiff states that he only wanted to know "if it was possible that [Defendant] told the plaintiff that he would order antibiotics. . ." ECF No. 123, at 4. Plaintiff also state that it requires a "yes" or "no" response.

7

Plaintiff's motion to compel a further response to Interrogatory Number 22 is GRANTED IN PART.  Defendant Alade shall provide a further response as whether it was possible that he told Plaintiff that he would order antibiotics.

**Interrogatory Number 23**

Interrogatory

Please state whether or not a your physician's order to maintain "dressing clean and dry" encompasses the need to change a bandage that becomes wet and/or dirty.

Response

Objection: Responding party objects on this basis that this interrogatory calls for expert witness testimony and is compound.  Without waiving and subject to said objections, responding party responds: responding party's order is straightforward—maintain the patient's dressing in a clean and dry state.

Analysis

Defendant argues that he has responded to this interrogatory, and that the order speaks for itself.  However, Plaintiff is entitled to ask Defendant Alade to further explain his order.  The interrogatory is proper and requires only a "yes" or "no" response.

Plaintiff's motion to compel a further response to Interrogatory Number 23 is GRANTED and Defendant Alade shall provide a further response.

**Interrogatory Number 24**

Interrogatory

Please state in detail exactly what order to maintain dressing clean and dry meant in medical terms as to the doctor who performed surgery on the plaintiff and wrote said order. (I want to know what your expectations were, of who, and who your instructions were to since the inmate patient isn't given a copy of the "Physician's Order.").

Response

Objection: Responding party objects on this basis that this interrogatory calls for expert witness testimony and is compound.  Further objection on the grounds that this interrogatory is vague and ambiguous, unintelligible as phrased, and calls for expert testimony as to "expectations."  Without waiving

and subject to said objections, responding party responds:  The order in question is meant to maintain the patient's dressing in a clean and dry state.

<u>Analysis</u>

Defendant again argues that he has sufficiently responded to this interrogatory.  In this case, the Court agrees.  While it can be confusing to a pro se plaintiff when a responding party provides an answer after listing boilerplate objections, Defendant Alade's response answers "what the order. . . meant." Moreover, although Plaintiff states he wants an explanation in "medical terms," such an explanation would not include what his expectations were of other health care providers.

Plaintiff's motion to compel a further response to Interrogatory Number 24 is DENIED.

## **ORDER**

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.  Defendant Alade SHALL provide further responses to Interrogatories 15, 16, 17, 18, 20, 21, 22 and 23 within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 11, 2014**              /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE