UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILBUR ATCHERLEY, | ) | Case No.: 1:12cv00225 LJO DLB (PC) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S MOTION TO |
| v. | ) | COMPEL DEFENDANT CEBALLOS TO |
| | ) | PROVIDE FURTHER RESPONSES TO |
| CLARK, et al., | ) | INTERROGATORIES 5 AND 6 |
| | ) | |
| Defendants. | ) | (Document 121) |
| | ) | |
| | ) | |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint, filed on March 14, 2013, for violation of the Eighth Amendment and negligence against numerous Defendants.[1]  Pursuant to Court order, discovery was to be completed by September 29, 2014.

On September 17, 2014, Plaintiff filed numerous motions to compel, including the instant motion.  Plaintiff seeks to compel Defendant Ceballos to provide further responses to his First Set of Interrogatories, Numbers 5 and 6.

---

[1] On September 10, 2014, the Court granted Plaintiff leave to file a Second Amended Complaint naming Doe Defendants.

Defendant Ceballos opposed the motion on October 8, 2014.  Plaintiff did not file a reply and the motion is submitted for decision pursuant to Local Rule 230(l).

## RELEVANT FACTS IN FIRST AMENDED COMPLAINT

Plaintiff underwent surgery on his left knee on January 18, 2011.  Defendant Alade, who performed the surgery, ordered that Plaintiff use a wheelchair for two weeks and that his dressing be kept clean and dry until his next appointment.

Defendant Ceballos was a nurse at the 4A Clinic.  A copy of the wheelchair order and bandage change order were faxed to the 4A clinic.  Plaintiff alleges that Defendant Ceballos, as well as the other nurses at the 4A Clinic, was supposed to review all orders and had the authority to either change Plaintiff's dirty bandages and/or to order a bandage change.

On January 25, 2011, Plaintiff was taken to the 4A Clinic in response to his health care request. Defendant Ceballos changed Plaintiff's dirty bandage and told him that the drainage was normal.  She also said that she would check on the wheelchair.  Plaintiff told Defendant Ceballos that the wound hurt more than it should and that the drainage was not normal.  He requested to be sent to the prison hospital and receive more bandages, but Defendant Ceballos denied both requests.  She also refused to issue Plaintiff a wheelchair without an order.

Plaintiff contends that when he saw Defendant Ceballos, she had his chart and therefore had the orders for bandages and the wheelchair.

On February 11, 2011, Defendant Alade performed a second surgery to clean out the infection caused by "poor wound care."

Based on these allegations, the Court found that Plaintiff stated an Eighth Amendment deliberate indifference claim, as well as a negligence claim, against Defendant Ceballos.

## LEGAL STANDARD

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL

6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

## DISCUSSION

### Interrogatory Number 5

<u>Interrogatory</u>

Please describe the things a trained nurse such as yourself might look for when trying to determine if an inmate recovering from knee surgery is developing an infection in the wound.

<u>Response</u>

Objection. This request is vague, ambiguous, uncertain, an incomplete hypothetical and requires speculation. Subject to those objections, Defendant responds: It would depend upon the

3

particular circumstances of the inmate and the inmate's condition; if a developing infection was suspected, the inmate could be referred by the nurse for evaluation by a physician.

Analysis

Plaintiff disagrees with Defendant's objections and contends that Defendant Ceballos attempts to evade the question.  He argues that Defendant Ceballos is a trained nurse, and that when she saw Plaintiff on January 25, 2011, she noted in the treatment notes that he was "at risk for infection."  ECF No. 121, Ex. B.  Plaintiff contends that his interrogatory seeks to discovery what Defendant Ceballos, as a trained nurse, looks for "when trying to determine if an inmate is developing an infection (i.e., fever, chills, vomiting, drainage, redness or swelling, increased pain, decreased range of motion, hot to the touch, etc.)."  ECF No. 121, at 4.

Defendant believes that the response is complete as to the question posted, as the interrogatory provides no context to the hypothetical situation presented as to what a nurse may look for.  Defendant points to Plaintiff's offer of examples in his motion as proof that the interrogatory is missing context.

Plaintiff's interrogatory seeks relevant information, especially in light of Defendant Ceballos' notation that Plaintiff was at risk of infection.  Plaintiff has now clarified his request by providing context, and the Court will require a further response to the interrogatory as further explained by Plaintiff.

Plaintiff's motion to compel a further response to Interrogatory Number 5 is GRANTED. Defendant must provide a further response to the interrogatory, as modified by Plaintiff in his motion.

**Interrogatory Number 6**

Interrogatory

If a nurse puts on a pair of non-sterile gloves from an open box of gloves, and then she or he handled an inmate's paper chart, answered the phone, took an inmate's vitals with the machine normally used in the 4A clinic in 2011, and then changed the inmate's dressing without changing her gloves, and during the dressing change, touched the inmate's wound/stitch, would it be possible that she contaminated the wound?

4

Response

Objection.  This request is vague, ambiguous, uncertain, an incomplete hypothetical and requires speculation.  Subject to those objections, Defendant responds:  It is possible that a wound may become contaminated from any number of sources; Defendant is unable to speculate as to whether or not the described conduct would have contaminated the wound in the hypothetical situation presented.

Analysis

Plaintiff argues that there is nothing vague, ambiguous or uncertain about this interrogatory.  He contends that the facts presented are not those of a hypothetical, but are those at issue in this action. Plaintiff also notes that as a trained nurse, Defendant Ceballos must know why she was taught to wear gloves.

Defendant again argues that the response substantively answers the question, given that the question presents a hypothetical situation.  Defendant believes that Plaintiff is simply dissatisfied with the response.

Contrary to Defendant's belief, it appears that *Defendant* does not like the facts presented in the interrogatory.  This does not, however, make the interrogatory either speculative or an incomplete hypothetical.  The question simply requires a "yes" or "no" answer.

Plaintiff's motion to compel a further response to Interrogatory Number 6 is GRANTED.

## ORDER

Plaintiff's motion to compel is GRANTED.  Defendant Ceballos SHALL provide further responses to Interrogatories 5 and 6 within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 11, 2014**          _____ /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

5