# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT CLARK TO PROVIDE A FURTHER RESPONSE TO INTERROGATORY NUMBER 1 |
| v. | |
| CLARK, et al., | |
| Defendants. | (Document 122) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint, filed on March 14, 2013, for violation of the Eighth Amendment and negligence against numerous Defendants.[1] Pursuant to Court order, discovery was to be completed by September 29, 2014.

On September 17, 2014, Plaintiff filed numerous motions to compel, including the instant motion. Plaintiff seeks to compel Defendant Clark to provide a further response to Interrogatory Number 1 of his First Set of Interrogatories.

---

[1] On September 10, 2014, the Court granted Plaintiff leave to file a Second Amended Complaint naming Doe Defendants.

Defendant Clark opposed the motion on October 8, 2014. Plaintiff did not file a reply and the motion is submitted for decision pursuant to Local Rule 230(l).

## RELEVANT FACTS IN FIRST AMENDED COMPLAINT

Plaintiff underwent surgery on his left knee on January 18, 2011. Defendant Alade, who performed the surgery, ordered that Plaintiff use a wheelchair for two weeks and that his dressing be kept clean and dry until his next appointment.

When Plaintiff arrived back at CSP, he was taken to the CSP emergency room and examined by Defendant Clark. Defendant Clark ordered a wheelchair for Plaintiff for two weeks. He also wrote and approved a CDC 7410 chrono for the use of the wheelchair. Plaintiff told Defendant Clark of a previous infection. Plaintiff alleges that Defendant Clark had a duty to ensure that he had a wheelchair, antibiotics and an order for bandage changes, but failed to do so.

On February 11, 2011, Defendant Alade performed a second surgery to clean out the infection caused by "poor wound care."

Based on these allegations, the Court found that Plaintiff stated an Eighth Amendment deliberate indifference claim, as well as a negligence claim, against Defendant Clark.

## LEGAL STANDARD

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding

these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

## DISCUSSION

### Interrogatory Number 1

Interrogatory

Please identify the full name and title of the nurse or nurses who were working with you in the emergency room at Corcoran State prison hospital (CTC) on January 18, 2011. (Specifically, Plaintiff wants to know the name of the nurse who signed the attached form CDC 7221, dated the same date, that the form was faxed to "Phar-4A").

Response

Objection. This interrogatory is compound and assumes facts. Subject to these objections, Defendant responds: On reviewing the pages attached to this interrogatory, I do not know who made the handwritten notations that include the word "faxed" and that are distinct from the handwritten notations that comprise the actual doctor's orders.

Analysis

Defendant concedes that Plaintiff's explanation contained in parenthesis clarified the information requested, and Plaintiff confirms in his motion that this is the information he seeks. The Court will therefore rely on this clarification in analyzing the issue.

Plaintiff seeks the name of a single nurse who, according to Plaintiff, wrote "1/18/11 @ 1551 faxed to pham + 4A" on the 7221 form, attached to the interrogatories as an exhibit. Plaintiff states that he saw other people working in the ER with Defendant Clark, presumably during his examination on January 18, 2011, and "can tell from reading the form CDC 7221 that there is more than one person's writing on the form." ECF No. 122, at 4.

Defendant argues that Plaintiff's interrogatory assumes that the person who made the notations about faxing the form was a nurse working with him in the hospital on January 18, 2011, and that he properly objected on this basis. Defendant believes that his objection relieves him of his duty to seek out the information sought.

The information Plaintiff seeks is relevant to this action. The information Plaintiff seeks is clear- he wants to know the name of the nurse who made the above notation on Defendant Clark's physician's order. That Plaintiff may have assumed that the nurse who made the notation worked with Defendant Clark on January 18, 2011, is of no consequence. Defendant Clark is in the best position to discover the name of the nurse. He maintains that he does not know who made the notation, but he has not made a reasonable effort to respond. A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Responding with "I do not know," without an explanation of the attempt made to provide the information, is insufficient.

Plaintiff's motion to compel a further response to Interrogatory Number 1 is GRANTED. Defendant must provide a further response to the interrogatory.

///

///

4

**ORDER**

Plaintiff's motion to compel is GRANTED.  Defendant Clark SHALL provide a further response to Interrogatory Number 1 within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **November 11, 2014**          /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE