UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ORDER STAYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| CLARK, et al., | (Documents 166 and 173) |
| Defendants. | |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on October 14, 2014, for violation of the Eighth Amendment and negligence against numerous Defendants. Defendants are not represented by the same attorney.

On November 25, 2014, Defendant Alade filed a motion for summary judgment. At the time of the events at issue, Defendant Alade did not work at Corcoran State Prison.

On November 26, 2014, Defendant Anderson filed a motion for summary judgment. Defendant Anderson worked at Corcoran State Prison at the time period at issue, but was a contract employee.

1

The remaining Defendants, all employees of the California Department of Corrections and Rehabilitation ("CDCR Defendants"), filed their motion for summary judgment on November 26, 2014.

At this time, there are numerous discovery disputes pending, as well as Plaintiff's motion to reopen discovery.  Therefore, the Court STAYS the motions to dismiss filed by Defendant Anderson (Document 166) and the CDCR Defendants (Document 173) until the discovery disputes are resolved.

The Court will not stay the motion for summary judgment filed by Defendant Alade, as he is not the subject of the pending discovery disputes and he provided treatment *outside* of Corcoran State Prison.

The Court will set a briefing schedule on the stayed motions once the discovery disputes are resolved.

On October 17, 2014, Plaintiff filed a motion to compel Defendant Clark to provide a further response to Plaintiff's Requests for Admissions, Number 91 (Document 142).  Defendant Clark opposed the motion on November 7, 2014.

On December 1, 2014, Plaintiff filed a "motion to strike" his motion to compel in light of Defendant Clark's statements in his opposition (Document 176).

Accordingly, the Court GRANTS Plaintiff's request in part.  The Court will not strike the document, as it should remain part of the record.  Rather, the Court will DISREGARD his motion to compel.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                         /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE