# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT TORRES' RESPONSE TO REQUEST FOR ADMISSION NUMBER 11 |
| v. | |
| CLARK, et al., | (Document 147) |
| Defendants. | |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's Second Amended Complaint, filed on October 14, 2014, for violation of the Eighth Amendment and negligence against numerous Defendants.

Discovery is closed, though there are numerous discovery motions pending.

On November 5, 2014, Plaintiff filed a motion to strike Defendant Torres' response to Request for Admissions, Number 11.  Despite receiving an extension of time, Defendant did not file an opposition and the motion is deemed suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the

1

application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." *Id.* Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned. *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); *Mitchell*, 2010 WL 3835765, at *1.

Request Number 11 asks Defendant Torres to "admit that in January of 2011 prior to you and Defendant Rios escorting the plaintiff to the 4A clinic on any occasion, that it is possible that the plaintiff informed you and/or C/O Rios that he needed a wheelchair having just have had knee surgery."

In response, Defendant Torres stated:

> Objection.  This request assumes facts and calls for speculation, and is vague, ambiguous and overbroad in its reference to "it is possible."  Subject to these objections, Defendant responds: Defendant recalls that Plaintiff used his cellmate's wheelchair at times when he was escorted by Defendant, however, Defendant admits that it is possible that Plaintiff stated that he needed a wheelchair.

ECF No. 147, at 5.

Plaintiff now moves to strike the portion of the response stating, "Defendant recalls that Plaintiff used his cellmate's wheelchair at times when he was escorted by Defendant, however. . ." as non-responsive.  Plaintiff argues that this portion of the response is inconsistent with previous answers in which Defendant Torres stated that he does not recall.  Plaintiff also states that this request "asks specifically about January 2011 and not some other time such as February 2011 which the Plaintiff knows this defendant is remembering."  ECF No. 147, at 2.

Plaintiff's motion is DENIED.  Defendant Torres provided an appropriate response to the request, and while he may have added irrelevant information, he very clearly stated that "it is possible that Plaintiff stated that he needed a wheelchair."  To the extent Plaintiff believes that the response is inconsistent with prior responses, Plaintiff may question Defendant Torres about the inconsistencies at trial.  Finally, while Plaintiff believes that he "knows" that Defendant Torres is referencing a different period of time, there is nothing in Defendant Torres' response to support Plaintiff's suggestion.

IT IS SO ORDERED.

Dated:   **January 5, 2015**              /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE