# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WILLIAM ATCHERLEY,

                Plaintiff,

     vs.

EDGAR CLARK, et al.,

                Defendants.

)  1:12cv00225 LJO DLB PC
)
)
)  ORDER GRANTING PLAINTIFF'S
)  MOTION FOR LEAVE TO FILE
)  THIRD AMENDED COMPLAINT
)
)  (Document 163)
)
)

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.

This action is proceeding on Plaintiff's Second Amended Complaint, filed on October 14, 2014, for violation of the Eighth Amendment and negligence against numerous Defendants. None of the newly-named Defendants have appeared in this action.

Discovery is closed, though there are numerous discovery motions pending.

Defendants have also filed motions for summary judgment, though two of the three motions have been stayed pending resolution of the discovery issues.

On November 24, 2014, Plaintiff filed a motion for leave to file a Third Amended Complaint. Plaintiff seeks to allege negligence and deliberate indifference claims against Dr. J. Kim and R.N. L. Montebon. Defendants Abadia, Ceballos, Borbolla, Holt, Rios, Ross, Clark and

Torres opposed the motion on December 12, 2014, and Plaintiff filed his reply on December 24, 2014.  The motion is suitable for decision pursuant to Local Rule 230(l).

## I.   <u>LEGAL STANDARD</u>

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *Id.*  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## II.   <u>DISCUSSION</u>

Plaintiff moves to add negligence and deliberate indifference claims against two new treating sources- Dr. J. Kim and R.N. L. Montebon.  According to Plaintiff, he discovered their roles on October 14, 2014, when he received Defendants' responses to interrogatories.

In Plaintiff's Second Amended Complaint, he alleged that Defendant Clark failed to order antibiotics after an examination on January 18, 2011.  He also alleges that he never received the wheelchair ordered by Defendant Clark on the same day.

Now, Plaintiff states that he has learned the initials of individuals on a January 18, 2011, physician's order.  He states that Defendant Clark did, in fact, order antibiotics, but Dr. Kim, identified from the initials "J.M.", discontinued the order shortly after it was written.  He alleges that Dr. Kim should not have discontinued the order for antibiotics without interviewing or examining Plaintiff.

Similarly, Plaintiff contends that he has identified another individual who signed the same order as R.N. Montebon.  He alleges that she noted both orders of Defendant Clark and Dr.

Kim, and had a duty under CDCR policy to issue Plaintiff a wheelchair before releasing him back to his yard.

In opposing the motion, Defendants argue only that the amendments would be futile. To support their contention, they cite arguments and evidence presented in the pending motions for summary judgment. For example, Defendants argue that evidence presented in support of their motion for summary judgment shows that Plaintiff cannot establish that the failure to prescribe antibiotics on January 18, 2011, caused his January 28, 2011, infection. Under this theory, Defendants argue that since Dr. Kim and R.N. Montebon are alleged to have acted on January 18, 2011, Plaintiff cannot establish causation. Defendants also cite to expert evidence in support of their motion for summary judgment suggesting that the type of infection Plaintiff incurred can occur notwithstanding proper care and treatment.

Defendants also cite Defendant Alade's motion for summary judgment in which he argues that there is no evidence that his decision not to prescribe antibiotics in any way caused Plaintiff's infection. Defendants believe that granting summary judgment in favor of Defendant Alade will be "potentially dispositive" of the claims against Dr. Kim. ECF No. 181, at 3.

Defendants acknowledge that only Defendant Alade's motion for summary judgment is not stayed. They request, however, that the Court postpone ruling on this motion until the Court decides at least one of the pending motions for summary judgment.

The Court rejects Defendants' futility argument. While futility may preclude an amendment, the Court need not go so far as Defendants suggest to determine whether an amendment is futile. In fact, accepting Defendants' arguments would essentially require the Court to apply evidence to parties who may or may not be in the same factual situation(s). Moreover, Defendants may be correct that Plaintiff cannot provide expert testimony, but the Court will not determine, at this juncture, whether he can establish causation. In other words, the

Court will not rule on pending summary judgment motions and apply those findings to Dr. Kim or R.N. Montebon.

Defendants' arguments also fail to address Plaintiff's claims against R.N. Montebon, which involve a wheelchair, not antibiotics.

Under the circumstances and procedural posture of this action, which already involves numerous unserved Defendants, the Court finds that permitting the proposed amendment would not prejudice Defendants or unduly delay the action.

Plaintiff is informed, however, that because he failed to submit a proposed Third Amended Complaint, the claims in the Third Amended Complaint against Dr. Kim and R.N. Montebon will be subject to screening.[1]

## III.   **CONCLUSION AND ORDER**

Plaintiff's motion to amend is GRANTED.  Plaintiff may only amend to include allegations against Dr. Kim and R.N. Montebon.  Plaintiff SHALL file his Third Amended Complaint within thirty (30) days of the date of service of this order.  <u>If Plaintiff attempts to bring any claims other than those identified by this order, his amended complaint will be stricken</u>.

IT IS SO ORDERED.

Dated:   __**January 16, 2015**__          _____/s/ *Dennis L. Beck*_____
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1]  Plaintiff's Second Amended Complaint alleges that Defendant Clark "failed to order antibiotics."  ECF No. 140, at 12.  It now appears that Plaintiff contends that Defendant Clark *did* order antibiotics, but that Dr. Kim discontinued the order.  To the extent that the Third Amended Complaint alters the allegations against Defendant Clark, it appears that the changes will only decrease the claims against him.