1
2
3
4
5
6
7

8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR ATCHERLEY, | ) Case No.: 1:12cv00225 LJO DLB (PC) |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION TO REOPEN DISCOVERY |
| | ) IN PART |
| CLARK, et al., | ) |
| | ) (Document 148) |
| Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's Second Amended Complaint, filed on October 14, 2014, for violation of the Eighth Amendment and negligence against numerous Defendants.

Discovery in this action closed on September 29, 2014.

On November 5, 2014, Plaintiff filed this a motion to reopen discovery.  Defendants opposed the motion on December 18, 2014.  Plaintiff did not file a reply and the motion is suitable for decision pursuant to Local Rule 230(l).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

### DISCUSSION

Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Id.*

Here, Plaintiff seeks to serve additional discovery on Defendant Abadia.[1]  He states that he only learned of the need for discovery on or about October 17, 2014, when he received her responses to interrogatories.  While Defendant Abadia previously indicated in a July 22, 2014, response to Request for Admission, Number 5 that she did not recognize the handwriting on a January 27, 2011, progress note, she now indicated that it was her handwriting in her October 17, 2014, Response to Request for Interrogatories, Number 1.  Also on October 17, 2014, Defendant Abadia served a supplemental response to her July 22, 2014, response to Request for Admission Number 5.

Based on the confirmation that Defendant Abadia wrote the progress note, Plaintiff argues that he needs to "inquire into this matter further in order to prepare for summary judgment and/or trial."  ECF No. 148, at 2.  Plaintiff explains that the January 27, 2011, progress note is very important to his claims because it shows there was yellow drainage on his bandage and that he reported that he was vomiting.  Plaintiff also states that it shows that Defendant Adabia referred Plaintiff to the RN and "actually spoke to the RN about" his condition.  ECF No. 148, at 3.

Defendants oppose Plaintiff's request, arguing first that he has not made a showing of good cause because he previously knew the relevant facts related to Defendant Abadia and could have served timely discovery.  Defendants rely on the lodged Second Amended Complaint, lodged on June 23, 2014, which states that Defendant Abadia came to his cell, that he complained to her about his wet and dirty bandage and requested it be changed, that he told her he was having chills and vomiting, and

---

[1] Plaintiff submits approximately nine additional interrogatories and eighteen requests for admission.

that he requested to be sent to the prison hospital.  ECF No. 87, at 25.  Defendants therefore argue that at least as of June 13, 2014, Plaintiff had the information he now claims was new to him on October 14, 2014.

Interestingly, after Plaintiff's lodged proposed Second Amended Complaint was stricken, he filed his Second Amended Complaint on October 14, 2014.  The operative Second Amended Complaint refers to the LVN on third watch on January 27, 2011, as "Doe Defendant (who may have been Abadia)."  ECF No. 140, at 19-20.[2]

Even assuming, however, that Plaintiff knew by June 23, 2014, that Defendant Abadia was the third-watch LVN that came to his cell on January 27, 2011, his allegations do not demonstrate that he knew that she signed the form at issue.

Defendants suggest, and the Court agrees, that additional discovery should be limited to the discovery requests that specifically discuss the form or Defendant Abadia's notations on the form.  These include Interrogatories numbers 14, 16, 17 and 19, and Requests for Admission numbers 43, 44 and 45).[3]  The remaining proposed discovery requests are either duplicative of prior discovery, or are unrelated to the form.

Accordingly, the Court GRANTS Plaintiff's motion IN PART.  Plaintiff may serve Defendant Abadia ONLY with proposed Interrogatories numbers 14, 17 and 19, and Requests for Admission numbers 43, 44 and 45.  Defendants SHALL respond to the discovery within thirty (30) days of the date of service of this order.

This order does not permit any other further discovery.

IT IS SO ORDERED.

Dated:   **January 21, 2015**                          /s/ *Dennis L. Beck*

---

[2] Defendant Abadia is not connected to the January 27, 2011, visit in either the original complaint or the March 14, 2013, First Amended Complaint.

[3] Defendants do not include Interrogatory Number 16 in the discovery they contend relates to the form.  However, the Court finds that interrogatory specifically to a notation she made on the form.

UNITED STATES MAGISTRATE JUDGE