UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | ) Case No.: 1:12cv00225 LJO DLB (PC) |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION TO COMPEL DEFENDANT CLARK |
| | ) TO PROVIDE A FURTHER RESPONSE TO |
| CLARK, et al., | ) REQUEST FOR PRODUCTION NUMBER 26 |
| | ) |
| Defendants. | ) (Document 149) |
| | ) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on October 14, 2014, for violation of the Eighth Amendment and negligence against numerous Defendants.

Discovery closed on September 29, 2014.

On September 17, 2014, the Court granted Plaintiff's prior motion to compel and ordered Defendant Clark to provide a further response to the following request for production: "Statements made by witnesses or Defendants during the investigations of Plaintiff's appeals related to the claims in this action, for the dates January 18, 2011, through June 1, 2012." ECF No. 119, at 6.

1

Plaintiff now brings this November 5, 2014, motion to compel Defendant Clark to provide a further response.[1]  Defendant Clark opposed the motion on December 18, 2014.  Plaintiff did not file a reply and the motion is deemed suitable for decision pursuant to Local Rule 230(l).

A.     **LEGAL STANDARD**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

---

[1] Discovery closed on September 29, 2014, though this motion relates to a prior motion to compel.  Plaintiff was also granted extensions of time to file motions to compel regarding certain discovery.

B. **REQUEST NUMBER 26**

Request Number 26 requested a copy of "any written report of any investigation into the plaintiff's claims in this action, including any statement by any of the defendants in this action." ECF No. 105, at 11. In objecting, Defendant argued that the request was overbroad and vague, included information that is attorney-client privileged, included information that had been provided to Plaintiff and may include information that is confidential. Defendant also objected because the request was duplicative of three prior requests for production of documents.

In the September 17, 2014, order, the Court held that statements related to Plaintiff's appeals and/or investigations are relevant to his claims, and because Plaintiff offered to narrow his request, the Court granted the motion. The Court ordered Defendant to provide a supplemental response to the following request: Statements made by witnesses or Defendants during the investigations of Plaintiff's appeals related to the claims in this action, for the dates January 18, 2011, through June 1, 2012. The Court also noted that while Plaintiff may have narrowed the scope of his request, it is still possible that responsive documents may be properly withheld.

Defendant Clark supplemented his response by incorporating his objections based on privileges, privacy and confidentiality. Defendant also stated, "Defendant has no responsive documents in his possession or control. A reasonable search has been conducted on behalf of Defendant for documents responsive to this request. The documents located are identified in the following privilege log and will not be produced based on the objections to this request." ECF No. 149, at 6. The privilege log identifies seven pages of attachments to Plaintiff's inmate administrative appeal log number 09-11-10744. As grounds for withholding the documents, Defendant states that Plaintiff's administrative appeal was designated as a Staff Complaint and as such, is a privileged and confidential personnel matter protected by the constitutional right to privacy, the official information privilege, California Government Code section 6254, California Evidence Code sections 1040, 1041 and 1043, and common law. Defendant also indicates that the documents are prohibited from

disclosure to either the inmate or correctional staff at issue under Title 15 of the California Code of Regulations, section 3084.9.

## C. **DISCUSSION**

In his opposition, Defendant further explains that the withheld documents derive from Plaintiff's administrative appeal against Defendant Ross. In the appeal, Plaintiff alleges that Defendant Ross, a nurse at Corcoran State Prison, refused to change his bandages on more than one occasion. Plaintiff was informed of the activities, outcomes and decisions related to his appeal, but since it was designated as a Staff Complaint, certain confidential inquiries cannot be disclosed.[2]

Plaintiff argues that if Defendants or witnesses that have been interviewed made statements which support his claims, he is entitled to see them. Plaintiff also contends that if inconsistent statements exist, he should be allowed to see them for impeachment purposes. Insofar as the documents relate to Defendant Ross, Plaintiff contends that he no longer works at CDCR and is no longer entitled to protection of personnel matters.

There appears to be no dispute that the seven withheld pages deal directly with some of Plaintiff's claims in this action, and are therefore relevant. Rather, the dispute centers around whether the documents are protected from disclosure. That California regulations may require that certain documents be deemed confidential, alone, is not sufficient to avoid disclosure.

Here, while Defendant cites a myriad of reasons for withholding the documents, it is unclear why the documents at issue, which involve an appeal over a *bandage change,* would implicate the safety or security of the prison, or the privacy interests of a past employee. Not surprisingly, given the relatively benign subject matter, Defendant does not claim that the withheld documents would

---

[2] Insofar as Defendants argue that Plaintiff has not carried his burden of demonstrating why the objection is not justified, the Court will not deny his motion on this basis. The Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Survivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and notwithstanding the general procedure, Plaintiff is entitled to leniency as a pro se litigant and to the extent possible, the Court endeavors to resolve his motion to compel on its merits, *e.g.*, *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

endanger the safety of confidential informants or disclose sensitive information related to the operation of the facility.

Rather, Defendant relies on California law, the constitutional right to privacy, the official information privilege and common law. Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.[3] *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery).

"Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995). Again, Defendants wholly fail to explain why privacy issues would come into play for an apparently former employee.

Nor does the official information privilege shield the documents from disclosure. Official information privilege is one of federal common law. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." *Id*. at 1033–34. The balancing test "is moderately pre-weighted in favor of disclosure." *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D.Cal.1987). The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal*., 511 F.2d 192, 198 (9th Cir.1975). *Kerr* requires that to allow the court to decide whether the official information privilege

---

[3] In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

applies, defendants must provide with their objection a declaration or affidavit containing (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. *Kelly*, 114 F.R.D. at 670.  If the court concludes that defendants failed to satisfy its threshold burden, the court should order defendants to disclose the requested material. *Id*. at 671.  If defendants made a sufficient threshold showing, the court should "order an in camera review and offer defendant[s] an opportunity to submit a brief and additional supporting material (e.g., a supplemental affidavit)." *Id*.

Defendant again fails to carry his burden of explaining *why* the documents are entitled to protection.  Defendant does not cure the failure in his opposition, as he does not provide a declaration or affidavit to explain why disclosure would create a risk of harm to significant governmental or privacy interests.

## **ORDER**

For these reasons, the Court GRANTS Plaintiff's motion.  Defendant Clark SHALL provide a supplemental response to Request for Production Number 26 within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 21, 2015**         /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE