UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY AS MOOT |
| v. | |
| CLARK, et al., | (Document 220) |
| Defendants. | |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint, filed on January 26, 2015, for violation of the Eighth Amendment and negligence against numerous Defendants. Defendants are not represented by the same attorney, and not all Defendants have appeared in this action. Service for the most recently added Defendants was ordered on March 2, 2015.

On March 3, 2015, the Court lifted the stay of the two motions for summary judgment filed by Defendants[1] and set a briefing schedule.

---

[1] Defendant Anderson's motion for summary judgment was filed on November 26, 2014. Defendants Arbadia, Barbolla, Ceballo, Clark, Holt, Rios, Ross and Torres also filed their motion for summary judgment on November 26, 2014.

1

On March 16, 2015, the Court received a motion from Plaintiff requesting that the Court lift the stay on Defendant Anderson's motion for summary judgment, but continue the stay for the motion filed by Defendants Arbadia, Barbolla, Ceballo, Clark, Holt, Rios, Ross and Torres.

As the Court has already lifted the stays, Plaintiff's motion is DENIED AS MOOT.

To the extent that Plaintiff requests that the Court continue the stay for the motion filed by Defendants Arbadia, Barbolla, Ceballo, Clark, Holt, Rios, Ross and Torres, the Court will not do so. Plaintiff argues that discovery for the "*newly added Defendants* could result in new or additional evidence that could effect [sic] the merits of the motion for summary judgment filed by Clark, et al." ECF No. 220, at 2 (emphasis added).

This Court has been lenient with Plaintiff in permitting him to file amended complaints and add Defendants. This has resulted, however, in numerous Defendants entering this action at different stages of the proceeding. Indeed, Plaintiff has amended once to add the names of Doe Defendants (which resulted in twelve new Defendants), and amended a second time to add the names of newly discovered Defendants Kim and Montebon. At this time, ten of the twelve newly added Doe Defendants have answered, and there is no indication that Defendants Kim and Montebon have even been served.

Discovery, however, closed on September 29, 2014. Therefore, at the time of the most recent answer, filed on March 2, 2015, there was no applicable discovery order to impose upon the newly answered Defendants. This means that as of this time, discovery is closed and Plaintiff is not entitled to discovery for the newly-added Defendants. This is not to say that Plaintiff may not be entitled to some degree of discovery, but to obtain *any* discovery, Plaintiff must move to reopen discovery. Such

///
///
///
///
///

a motion must establish good cause for reopening discovery, including a showing that Plaintiff moved expeditiously to add Defendants and a description of what discovery is necessary.

IT IS SO ORDERED.

Dated: __**March 23, 2015**__              _____/s/ *Dennis L. Beck*_____
                                                                   UNITED STATES MAGISTRATE JUDGE