# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>    Plaintiff,<br>  v.<br><br>CLARK, et al.,<br><br>    Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT<br><br>(Document 229) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint, filed on January 26, 2015, for violation of the Eighth Amendment and negligence against numerous Defendants.

On March 23, 2015, Plaintiff filed the instant motion to appoint a medical expert. Defendants opposed the motion on April 29, 2015. Plaintiff filed his reply on May 21, 2015, and the motion is ready for decision. Local Rule 230(l).[1]

## **DISCUSSION**

Plaintiff seeks the appointment of a medical expert witness to help him present his case. The Court has the discretion to appoint a neutral expert and to apportion costs, including the apportionment

---

[1] Plaintiff's reply was signed on May 12, 2015.

1

of costs to one side.  Fed. R. Evid. 706; <u>Ford ex rel. Ford v. Long Beach Unified School Dist.</u>, 291 F.3d 1086, 1090 (9th Cir. 2002); <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999).

This is Plaintiff's second motion to appoint an expert, and he has not presented any reason for the Court to depart from its prior denial.  Plaintiff suggests that now more evidence can be reviewed, but it does not change the nature of his request.  Plaintiff's request is based mainly on his belief that Defendant Anderson's expert, Dr. Anwar, has submitted opinions that are not necessarily consistent with Plaintiff's evaluation of the medical evidence.  However, as the Court previously explained, Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  <u>Faletogo v. Moya</u>, 2013 WL 524037, *2 (S.D.Cal. 2013) (quotation marks omitted).  Indeed, Plaintiff states that one of the reasons he needs an expert is because he "is unable to produce his own or contradictory medical evidence."  ECF No. 229, at 2.  While the Court is cognizant of the challenges faced by pro se litigants in obtaining expert witnesses, Rule 706 does not permit the appointment of an expert to benefit one party.

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical issues are not of such complexity that the Court requires the assistance of a neutral expert.  <u>Faletogo</u>, 2013 WL 524037, *2; <u>Bontemps v. Lee</u>, 2013 WL 417790, *3–4 (E.D.Cal. 2013).  "Ultimately, the most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." <u>Gorton v. Todd</u>, 793 F.Supp.2d 1171, 1179 (E.D.Cal. 2011).  As Defendant Anderson points out, the facts relating to her treatment are not in dispute, and therefore the appointment of a medical expert would not assist the Court in determining accurate facts.

Appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice."  <u>In re Joint E. & S. Dists. Asbestos</u>

///

///

Litig., 830 F.Supp. 686, 693 (E.D.N.Y.1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

In his reply, Plaintiff suggests that permitting the Defendants to obtain an expert at government expense, and then denying the same for Plaintiff, is "tantamount to a denial of equal protection of the law." ECF No. 263, at 1. Plaintiff is correct that prisoners are often not able to retain expert witnesses, but this is not an issue that the Court can resolve in every instance. Plaintiff has chosen to sue government Defendants, and they are entitled to defend themselves in a manner they deem fit. Contrary to Plaintiff's belief, his inability to afford an expert, or his inability to overcome Defendants' evidence, does not entitle him to the appointment of an expert witness.

Accordingly, Plaintiff's request for the appointment of an expert witness is DENIED.

IT IS SO ORDERED.

Dated: **May 28, 2015**            /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE