# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>      Plaintiff,<br>  v.<br>CLARK, et al.,<br>      Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY WITHOUT PREJUDICE<br><br>(Document 232) |

      Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's Third Amended Complaint, filed on January 26, 2015, for violation of the Eighth Amendment and negligence against numerous Defendants.

      Discovery in this action closed on September 29, 2014. The dispositive motion deadline was November 26, 2014.

      Plaintiff filed a Second Amended Complaint on October 14, 2014, for the purpose of identifying twelve Doe Defendants.  Ten of the twelve new Defendants filed an answer on March 2, 2015.[1]

---

[1] Defendants Espinoza and Jones have not been served.

1

On January 26, 2015, Plaintiff filed a Third Amended Complaint to add allegations against Dr. J. Kim and R.N. Montebon.  As of the date of this order, there is no indication that Defendants Kim or Montebon have been served, and they have not appeared in this action.

The original Defendants filed motions for summary judgment in November 2014, and two remain pending.[2]  The Court granted summary judgment in favor of Defendant Alade and dismissed him from this action on April 24, 2015.

On April 6, 2015, Plaintiff filed the instant motion to reopen discovery as to all of the newly named Defendants.  Defendants opposed the motion on April 28, 2015.  Plaintiff filed a reply on May 21, 2015, and the motion is ready for decision.[3]  Local Rule 230(l).

## DISCUSSION

Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Id.*

Plaintiff seeks to propound two sets of discovery to Defendants Amobi, Castanon, Martinez, Brown, Hernandez, Valentine, Kempf, Walker, Van Natta and Branson.[4]  He states that he needs the discovery to "limit the issues that need to be addressed or resolved" at summary judgment or trial.  ECF No. 232, at 2.  He submits his first set of proposed discovery, consisting of Requests for Admissions and Interrogatories.

---

[2] Defendants are represented by different sets of counsel.

[3] Plaintiff's reply was signed on May 12, 2015.

[4] Plaintiff also requests discovery as to un-served Defendants Espinoza, Jones, Kim and Montebon.  However, as these Defendants have not appeared in this action, any request for discovery is premature.

There is no dispute as to Plaintiff's diligence in discovering and naming the Doe Defendants in the Second Amended Complaint. Rather, Defendants argue that Plaintiff has not demonstrated good cause to reopen discovery. Defendants characterize the proposed discovery as "unnecessary and duplicative," and argue that the burden of all ten Defendants having to respond to the discovery far outweighs any additional information that Plaintiff would gain. ECF NO. 251, at 2.

The Court agrees that many of Plaintiff's requests are unnecessary and duplicative in light of Plaintiff's past discovery requests. Discovery in this action opened in March 2014, and even though all Defendants had not been served, or even named, Plaintiff has propounded extensive discovery against Defendants in similar positions as those named later. Indeed, a review of Plaintiff's proposed discovery reveals numerous redundant and unnecessary requests.

Finally, to the extent that Plaintiff seeks information specific to each new Defendant, i.e., information that he *could not* have obtained from the other Defendants, he has not explained why he needs such information.

Therefore, Plaintiff's motion is DENIED WITHOUT PREJUDICE. The Court will issue an Amended Scheduling Order by separate order.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                          /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE