**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>                  Plaintiff,<br><br>        v.<br><br>CLARK, et al.,<br><br>                  Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT JONES SHOULD NOT BE DISMISSED FROM THIS ACTION PURSUANT TO RULE 4(M)<br>(Document 266)<br><br>THIRTY-DAY DEADLINE |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's Third Amended Complaint, filed on January 26, 2015, for violation of the Eighth Amendment and negligence against numerous Defendants.  Numerous Defendants have been served and have appeared in this action.

The Marshal has not been able to locate and serve Defendant Jones, however.[1]

///

///

///

---

[1]  Defendants Kim and Montebon were served, though they have not yet appeared in this action.  Service has not been returned, either executed or unexecuted, as to Defendant Espinoza.

1

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  Walker, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

Based on information provided by Plaintiff, the United States Marshal mailed the service packet to Defendant Jones on November 1, 2014.  The Marshal employed the assistance of a CDCR Special Investigator on March 25, 2015.  However, service was returned unexecuted on May 26, 2015, stating, "unable to identify."  ECF No. 266.  Based on the response, the Marshal's Office appears to have exhausted the avenues available to it in attempting to locate and serve Defendant Jones.  Walker, 14 F.3d at 1421-22.

Plaintiff shall be provided with an opportunity to show cause why Defendant Jones should not be dismissed.  Fed. R. Civ. P. 4(m).  If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Jones shall be dismissed from this action.

///

2

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Jones should not be dismissed from this action; and

2.      The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Jones from this action.

IT IS SO ORDERED.

Dated:   **June 8, 2015**                          _____ /s/ Dennis L. Beck_
                                                              UNITED STATES MAGISTRATE JUDGE

3