UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12cv00225 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SURREPLY AND STRIKING SURREPLY<br>(Documents 256, 257 and 265)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SURREPLY AND STRIKING FILINGS<br>(Documents 271, 272, and 273) |

　　　　Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint, filed on January 26, 2015, for violation of the Eighth Amendment and negligence against numerous Defendants.

　　　　Two motions for summary judgment are pending.

　　　　Plaintiff filed a surreply to Defendant Anderson's motion for summary judgment on May 4, 2015, and a subsequent motion to permit the filing of the surreply on May 21, 2015.

　　　　Plaintiff also requested permission to file a surreply to the motion for summary judgment filed by Defendants Abadia, Holt, Borbolla, Ceballos, Rios, Torres, Ross and Clark on June 8, 2015.

1

Plaintiff moves the Court for permission to file surreplies to (1) respond to evidentiary objections raised by Defendants; and (2) to respond to what he characterizes as "new" arguments raised for the first time in Defendants' replies.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

Insofar as Plaintiff seeks to respond to evidentiary issues, the Court is able to decide the issues without additional briefing. Similarly, in responding to what he characterizes as "new" issues, Plaintiff generally unnecessarily repeats arguments made in his oppositions.

In denying Plaintiff's requests to file surreplies, the Court notes that Plaintiff has already filed *hundreds* of pages of briefing and exhibits in opposing the motions for summary judgment. Contrary to his belief, he is not permitted to file a new briefing every time he thinks Defendants have raised an argument that he would like to respond to. The issues in this case are not complex, and both parties have sufficiently briefed the Court with the permissible filings. Plaintiff's additional filings only serve to unnecessarily complicate and delay the resolution of the pending motions.

Accordingly, Plaintiff's motions to file surreplies (Documents 265 and 272-1) are DENIED. Documents 256, 257, 271, 272 and 273 are ordered STRICKEN from the record.

///

///

   <u>Plaintiff is notified that from this point forward, the only briefings permitted will be the motion, opposition and reply.  The Court will request additional briefing if it deems such briefing necessary.</u>

IT IS SO ORDERED.

  Dated: **June 10, 2015**        /s/ *Dennis L. Beck*
                UNITED STATES MAGISTRATE JUDGE