# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR ATCHERLEY, | ) Case No.: 1:12cv00225 LJO DLB (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTIONS FOR RECONSIDERATION |
| CLARK, et al., | ) (Documents 281, 282, 283 and 286) |
| Defendants. | ) |

Plaintiff William Atcherley ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint, filed on January 26, 2015.

From June 22, 2015, through June 29, 2015, Plaintiff filed a series of four motions for reconsideration of various rulings of the Magistrate Judge. The Court deems the matter suitable for decision without an opposition. Local Rule 230(l).

**A.   LEGAL STANDARD**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of*

*Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141

(9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

**B.    DISCUSSION**

    1.    *Denial of Appointment of Medical Expert*

On May 28, 2015, the Magistrate Judge denied Plaintiff's motion for a medical expert, explaining that it was his second motion and had not presented any new evidence to warrant departure from the Court's previous denial.

On reconsideration, Plaintiff does not present any compelling argument to question the Magistrate Judge's analysis. Plaintiff insists that he is not asking for a medical expert to be his advocate, and that the Court needs the assistance for accurate fact-finding during summary judgment. However, Plaintiff wants an expert to explain what he sees as an inconsistency in Defendants' evidence. Plaintiff's characterization of the evidence does not mean that the Court is unable to understand and interpret the evidence before it. There is nothing overly complicated about Plaintiff's medical situation.

Insofar as Plaintiff believes that it is unfair to allow Defendants to retain an expert given his status an indigent prison, the Magistrate Judge sufficiently addressed this in the order. Plaintiff has sued Defendants and they are entitled to defend themselves.

Plaintiff's motion for reconsideration is DENIED.

2. *Denial of Motion to File Surreply*

On June 10, 2015, the Court denied Plaintiff's motion to file a surreply and struck Plaintiff's superfluous filings from the record. Plaintiff suggests that one of the documents was a "third declaration" in support of his opposition. Regardless of the classification, Plaintiff is not permitted to file briefing outside of that normally permitted in motion practice. As the Magistrate Judge explained, Plaintiff has filed hundreds of pages in defending against summary judgment and the Court did not request or require additional information. Pro se litigants are granted some degree of leniency, but the Court cannot permit a total disregard for procedural rules.

Plaintiff's motion for reconsideration is DENIED.

3. *Denial of Motion to Reopen Discovery*

A review of the docket reveals that this Court has been very lenient with Plaintiff in permitting numerous amendments. Each amendment has resulted in Defendants who have entered the proceeding at different stages. In the most recent amendment, twelve new Defendants appeared *after* the discovery deadline had passed.

On May 28, 2015, the Court denied his request to reopen discovery without prejudice. The Magistrate Judge explained that Plaintiff had not demonstrated good cause because much of the discovery was unnecessary and duplicative in light of Plaintiff's past discovery requests. As to specific information for the new Defendants, Plaintiff failed to explain why he needed such information.

Plaintiff now seeks reconsideration because he believes that the Magistrate Judge's ruling is unfair in light of Plaintiff's experience and lack of legal training. However, he has not presented any arguments to show that the ruling was clearly erroneous or contrary to law. The Magistrate Judge has wide discretion to control discovery, and his ruling was within the realm of such discretion. The Court also notes that Plaintiff's request was denied *without prejudice*, meaning that Plaintiff could have resubmitted the motion with the required information.

Plaintiff's motion for reconsideration is DENIED.

4.      *Striking of Plaintiff's Separate Statement of Facts*

On June 16, 2015, the Court granted Defendants' motion to strike Plaintiff's Separate Statement of Facts because it was an unauthorized filing under Rule 260(b), and contained a mix of facts and argument already presented in his opposition.

Again, the Court cannot permit continuous filings in law and motion practice.  The Magistrate Judge was well within his discretion to strike the filing.

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **July 1, 2015**                              **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE